WILLIAM SILVER v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLAY.

No. 15,011.    (91 Pac. 55.)

SYLLABUS BY THE COURT.

1. COUNTIES—*Auxiliaries to the State Government—Immunity from Liability.* Counties are involuntary *quasi*-corporations and are mere auxiliaries to the state government and partake of the state's immunity from liability. They are in no sense business corporations.

2. ——— *Negligence of Officers—Damages Must Be Authorized by Statute.* A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed July 5, 1907. Affirmed.

STATEMENT.

WILLIAM SILVER filed his petition against the board of county commissioners of Clay county, in which he alleged, in substance, that he is the owner of a large tract of land in Clay county, on the western side and

within a horseshoe bend of the Republican river; that for many years a regularly laid out public road has extended east and west along his premises and across the river; that many years ago a bridge was built on this road across the river, at the toe of the horseshoe bend, and had been maintained and used as a part of the highway until a short time prior to the filing of the petition; that in 1904, at a time of high water, the river cut a new channel across the heel of the horseshoe bend and across the public road, and the main stream has since continued to flow therein, leaving the old channel a lagoon filled with water and impassable except over the bridge, the highway across the new channel being also impassable; that the defendant board, instead of restoring the highway by building a bridge thereon across the new channel, abandoned the same and ordered and caused to be removed therefrom the bridge across the old channel, thus leaving plaintiff's premises upon an island and inaccessible from either direction; that by reason of the facts stated the plaintiff has been damaged in the sum of $5000, for the recovery of which amount he prays.

A general demurrer was filed to this petition and was sustained by the court. To reverse this order the plaintiff comes here.

*Hy. W. Stackpole,* and *Coleman & Williams,* for plaintiff in error.

*W. P. Anthony,* county attorney, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: According to the allegations of the petition the removal of the bridge by the county commissioners was illegal and imposed great hardship upon the plaintiff, and he would, perhaps, under the authority of *Greeley Township v. Comm'rs of Saline Co.,* 26 Kan. 510, 514, have been entitled to enjoin the act, or may even yet not be without a remedy. However,

before the decision of the court sustaining the demurrer can be reversed we must be able to say that the county is responsible in damages for the wrong alleged. It is well-established law that a county is an involuntary corporation for governmental purposes, and is in no sense a business corporation; that the powers and obligations of the county are such only as the law prescribes or as arise by necessary implication therefrom. (*Eikenberry v. Township of Bazaar*, 22 Kan. 556, 31 Am. Rep. 198; *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255; 11 Cyc. 497; 7 A. & E. Encycl. of L. 947.) Cities, however, in this state are municipal corporations, and neither their powers nor obligations are so restricted, and decisions as to their liability for negligence have no application here.

We have not been cited to any statute, and believe none exists, which imposes any obligation upon a county to respond in damages for the negligence or even wrongful act of its officers in relation to the maintenance of public roads or bridges, except section 579 of the General Statutes of 1901, which reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county, and when the chairman of the board of county commissioners of such county shall have had notice of such defects for at least five days prior to the time when such damage was sustained; and in other cases such recovery may be from the township, where the trustee of such township shall have had like notice of such defect."

Since first the state was organized it has been the duty of counties and the townships thereof to maintain public roads and bridges, but not until the passage of the above statute, in 1887, was either a county or township liable in damages resulting from the failure

so to do. (*Eikenberry v. Township of Bazaar*, 22 Kan. 556, 31 Am. Rep. 198; *Comm'rs of Marion Co. v. Riggs*, 24 Kan. 255.)

The language of section 579, *supra*, at first blush, seems quite inclusive in its terms; possibly broad enough to include damages claimed in the petition herein. A consideration, however, of the former law upon the subject, and of the radical change therein by the provisions of this· enactment, even when strictly construed, and especially of the qualifying words "without contributing negligence on his part," compels the conclusion that the enactment is intended only to authorize the recovery of damages suffered in the use of a· highway or bridge for the purposes for which it is maintained when, after the requisite notice, it is negligently allowed to remain defective. The petition charges, as the basis of the claim for damages, an illegal and wrongful act to which there can be no "contributing negligence." If the plaintiff had ·even assisted in the removal of the bridge he would not thereby have been guilty of contributory negligence, although by so doing he evidenced his consent to the illegal act. Clearly the statute was not intended to apply to damages of the nature complained of.

We conclude, with some reluctance, that the judgment of the court must be sustained, and it is so ordered.