No. 18,106.

ANNA M. THOMAS, *Appellant*, V. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELLIS, *Appellee*.

SYLLABUS BY THE COURT.

1. COUNTIES IMMUNE FROM LIABILITY FOR DAMAGES. Counties are mere auxiliary agencies of the state government, and, like the state, are immune from liability on account of damages occasioned by the manner in which they exercise or fail to exercise their governmental powers.

2. ILLEGAL HIGHWAY—*Negligence of County Officers—Damages Must be Authorized by Statute.* In the absence of some statutory provision, a county is not liable to a landowner for damages for the use of land attempted to be appropriated for a public highway, the proceedings to establish which are subsequently held to be illegal and void.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed February 7, 1914. Affirmed.

*J. P. Shutts,* of Hays, for the appellant.

*J. H. Simminger,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In the year 1902, the board of county commissioners of Ellis county attempted to lay out and establish a public road across appellant's land, and for that purpose condemned a tract consisting of about one and one-half acres. The road was maintained as

a public highway from that time until June, 1908, when, by a judgment of the district court, the proceedings for establishing the road were declared illegal and void. Sometime thereafter the plaintiff presented to the board of county commissioners a claim for damages, amounting in the aggregate to $4200. The claim was disallowed; neither the date when it was filed nor when it was disallowed is shown by the record. On the 28th day of April, 1909, she appealed to the district court. In April, 1910, the case was submitted to the court on an agreed statement of facts, and judgment was rendered in favor of the defendant and against the plaintiff for costs. On February 29, 1912, the case was appealed to this court. In March, 1913, it was dismissed, and afterwards reinstated.

The case is perhaps more noteworthy by reason of its chronological history than because of any question of law or fact involved. It is part of a series of litigation which, considered as a whole, presents a striking illustration of the fact that it is still possible, under our code, for court proceedings to be delayed. "The law's delay" had passed into a proverb in Shakespeare's time; and the supposed existence of the evil is still employed as a foundation for more or less indiscriminate criticism of courts. Notwithstanding the fact that the final chapter in this litigation is not written until almost twelve years have elapsed since the proceedings were taken for establishing the road, our decision is handed down one month from the time the case was submitted here. Unreasonable delays are possible under almost any legal procedure, but our experience is that when they occur the fault is seldom that of the courts. In the ordinary course it would be possible under our code to obtain a final determination of the question of the validity of proceedings to establish a road within a few months from the time the proceedings were begun; and even if appealed to this court a decision would usually be rendered within

less than a year thereafter.  We are not advised from the record what occasioned the delay of more than six years in having the illegality of the proceedings determined.

It is agreed that Mrs. Thomas, in endeavoring to have the road vacated, and in defending herself in a criminal action wherein she was charged with obstructing the road as a public highway, expended the sum of $500.  It is also agreed that the reasonable value of the use of the land taken and used as a highway during the years from 1902 to 1908 is $275.

The sole question presented is whether the county is liable for damages, as claimed by the appellant.  The judgment of the court was doubtless based upon a principle, which has the sanction of numerous decisions in this state, to the effect that counties are mere auxiliary agencies of the state and, like the state itself, are immune from liability on account of damages occasioned by the manner in which they either exercise or fail to exercise governmental powers.  (*Silver v. Clay County,* 76 Kan. 228, 91 Pac. 55; *Shawnee County v. Jacobs,* 79 Kan. 76, 99 Pac. 817; *Fisher v. Township,* 87 Kan. 674, 125 Pac. 94.)

In *Silver v. Clay County,* supra, it was said in the syllabus:

"A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom."  (Syl. ¶ 2.)

In *Downing v. Mason County,* 87 Ky. 208, 8 S. W. 264, 12 Am. St. Rep. 473, it was sought to hold the county liable for unlawfully and negligently changing and obstructing the course of a stream by which the plaintiff's lands were flooded.  It was said in the opinion:

"A county being but an arm or branch of the state government, it is no more liable to be sued for the neglect or tort of its officers than the state is for that

of those in authority in it. The common law gives no such right, and it, therefore, can only exist by statute. There is none in this state. . . . The denial of the right may sometimes, and no doubt often does, result in individual hardship; but public policy demands it. It must be kept in view that the paramount object of the existence of a county is governmental; that it is, indeed, a part of the sovereignty itself. In view of this, and for its proper conduct, it has become a settled judicial rule, that no liability exists upon its part, unless it be authorized expressly, or by necessary implication by statute. Its general purpose forbids that it should otherwise be open to suit or answerable for the manner in which it either exercises, or fails to exercise its corporate powers." (pp. 211, 212.)

These principles are clearly applicable and decisive, and the judgment is affirmed.