No. 25,248.

JOHN W. WOOLIS, *Appellant,* v. THE VERDIGRIS RIVER DRAINAGE
DISTRICT, MONTGOMERY COUNTY, No. 1, (THE BOARD OF COUNTY
COMMISSIONERS, *Appellee*).

No. 25,355.

G. K. BOWMAN, *Appellant,* v. THE VERDIGRIS RIVER DRAINAGE DIS-
TRICT, MONTGOMERY COUNTY, No. 1, (THE BOARD OF COUNTY
COMMISSIONERS, *Appellee*).

### SYLLABUS BY THE COURT.

1. DRAINAGE WATER—*Ditch Cut By County Commissioners—Lands Overflowed
   —County Mere Agency of State—County Immune From Liability for Dam-
   ages.* Rule followed that in the absence of some statute imposing liability,
   a county, being a mere agency of the state, is not liable in damages sus-
   tained by private parties through the alleged negligence of its board of
   county commissioners.

2. SAME—*No Statute Awarding Damages Against the County for Negligence
   of Its Officers.* For the purpose of draining a county road the board of
   county commissioners cut an artificial embankment reared by a drainage
   district as a means of flood protection. The county board installed in the
   embankment a floodgate designed to let the drainage water flow into the
   river but to prevent the river water from backing on to the adjacent land.
   The floodgate was either defective or got out of repair, whereby the plain-
   tiffs' lands were flooded by high water from the river and their crops
   destroyed. *Held,* there being no statute awarding damages against the
   county for the negligence of its officers the county is not liable for the
   loss and damage sustained by the plaintiffs.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge.
Opinion filed May 10, 1924. Affirmed.

*Charles D. Ise,* and *A. A. Baker,* both of Coffeyville, for the appellants.
*B. W. Berg,* and *W. B. Grant,* both of Independence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: These are two cases of private parties against the
Board of County Commissioners of Montgomery county for dam-
ages to their growing crops caused by water which came through
a defective floodgate in an artificial embankment on the Verdigris
River near Coffeyville.

The Verdigris River Drainage District, No. 1, of Montgomery
county, erected the embankment as part of a system of flood pro-
tection for lands adjacent to the Verdigris River near Coffeyville.

The Board of County Commissioners in 1921 was engaged in the construction of an improved county road nearby, and to secure suitable drainage it appeared to the board to be necessary to cut the drainage district's embankment. It therefore entered into a contract with the drainage district's board for permission so to do, and cut the embankment and put in a cement box drain and floodgate so arranged that it would permit water to drain from the road into the river but which was designed to prevent the water in the river being backed through the levee to flood the lands on the outside. The floodgate was either inherently defective or repeatedly got out of order, and on two occasions when the Verdigris River was in flood, in April and in July, 1922, the floodgate permitted the water in the river to be backed on to plaintiffs' lands and to ruin their crops. One of the plaintiffs owns his farm consisting of a few acres planted to garden truck. The other plaintiff is a tenant gardener similarly engaged. Their entire season's crops were virtually ruined by the back water which escaped from the river through the defective floodgate maintained in the levee by the county board. The negligence was pleaded thus—

"That said damages were caused by the negligence of the defendant, The Board of County Commissioners of the County of Montgomery, Kansas, in not keeping said floodgate in proper repair and in not giving it the proper care so that it would not become out of repair and clogged up and by permitting it to become out of repair and clogged up thereby permitting and causing the lowlands and plaintiff's premises, above described, to become inundated or covered with water for several days, killing all the vegetation on plaintiff's said premises."

Demurrers to these petitions were sustained, and plaintiffs appeal.

Is there error here? It is simple textbook law that neither the state itself nor any of its political subdivisions, counties, townships, and the like, can be subjected to liability in damages except where positive statutes so provide. And in general the legislature has been very chary about giving its sanction to anything of the sort. It has allowed liabilities, under qualification, to be imposed on counties and townships for damages sustained because of defective roads and bridges, and declared cities to be amenable to damages through mob violence. Cities being full-fledged corporations with both private and public attributes are also liable as wrongdoers in some other respects. But mere political subdivisions and quasi-corporations created by the state for its own governmental

7—116 Kan.

purposes are never liable on any theory of common law responsibility for the acts or negligence of their officials. Such liability can only be imposed by legislative enactment, which of course is altogether wanting in the present case.

In *Pfefferle v. Comm'rs of Lyon Co.*, 39 Kan. 432, 17 Pac. 828, the plaintiff sued the county for damages for grievous injuries to his health because of his confinement in a damp and unwholesome jail. A demurrer to his petition was sustained. On appeal the judgment was affirmed. This court said:

"Of course, where the statutes provide that a county shall be liable, it will be liable; . . . It is true that counties are to a limited extent corporations; but they are not private corporations, and they are not in a strict sense municipal corporations. They are usually denominated quasi-corporations, and their principal functions are governmental and political, and not private or of a strictly corporate character. Counties are principally mere political subdivisions of the state, mere instrumentalities of the state government, brought into existence merely for the purpose of aiding and assisting the state in promoting justice, in preserving peace, quiet and good order in the state, and of promoting the welfare and happiness of the citizens thereof." (p. 436.)

In *Thomas v. Ellis County*, 91 Kan. 443, 138 Pac. 409, where plaintiff sought and was denied damages for various injuries and expenses incurred by her through the alleged fault of the county commissioners, this court said:

"The sole question presented is whether the county is liable for damages, as claimed by the appellant. The judgment of the court was doubtless based upon a principle, which has the sanction of numerous decisions in this state, to the effect that counties are merely auxiliary agencies of the state and, like the state itself, are immune from liability on account of damages occasioned by the manner in which they either exercise or fail to exercise governmental powers. (*Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55; *Shawnee County v. Jacobs*, 79 Kan. 76, 99 Pac. 817; *Fisher v. Township*, 87 Kan. 674, 125 Pac. 94.)

"In *Silver v. Clay County*, supra, it was said in the syllabus:

" 'A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom.' " (p. 445.)

These authorities could be extended indefinitely by citations or quotations from any court report or law book where the subject is touched, and there is virtually no want of unanimity in the prevailing view of the county's nonliability.

Is the case of *Williams v. Kearny County*, 61 Kan. 708, 60 Pac. 1046, pressed on our attention by plaintiffs, at variance with this

McRae, *Adm'r*, v. Railroad Co.

view? That case is scarcely analogous. The present cases sound in tort. *Williams v. Kearny County* arose out of contract. Kearny county made a contract with Williams to rent a building for use as a courthouse. The building was destroyed by fire, through the alleged negligence of the tenant, the county board. The relations of Williams and the county were contractual, each having the respective rights and liabilities of landlord and tenant; and the decision merely held that the ordinary liability resting on a tenant to protect the property leased to him from negligent destruction was assumed by the county, by the nature of the obligations involved in the contract. To make any analogy between that case and the one at bar, it would have to be supposed that the county board damaged the embankment. In such case, if the owner of the embankment, the Verdigris River Drainage District, No. 1, should bring an action against the county board, the principle announced in *Williams v. Kearny County* might very reasonably be applied. In *Fisher v. Township*, 87 Kan. 674, 686, 125 Pac. 94, *Williams v. Kearny County* was carefully reconsidered, and the conclusion was there reached—

"It can not be held that the opinion in the *Williams* case overrules well-settled principles firmly established by prior decisions and followed without qualification since, upon which counties and townships are held exempt from liability in cases like the one now under consideration."

The judgment is affirmed.