HON. ROUSSEAU A. BURCH,
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,
HON. W. W. HARVEY,  } JUSTICES.
HON. RICHARD J. HOPKINS,
HON. WM. EASTON HUTCHISON,

---

No. 27,773.

In re Appeal of W. M. SIDLES from an Award of the Commissioners of the City of Wichita.

(262 Pac. 550.)

SYLLABUS BY THE COURT.

EMINENT DOMAIN—*Elements of Damage—Items as Part of Ultimate Damage to Land.* The record in an appeal from an allowance by appraisers in a condemnation proceeding considered and held to present no reversible error.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed January 7, 1928. Affirmed.

*Arnold C. Todd* and *Hal M. Black,* both of Wichita, for W. M. Sidles.

*A. V. Roberts, Vincent F. Hiebsch* and *Carl I. Winsor,* all of Wichita, for the city of Wichita.

The opinion of the court was delivered by

HOPKINS, J.: W. M. Sidles owned thirteen acres of land immediately south of the city of Wichita where he operated a dairy farm. The city, in connection with a project to widen a drainage canal, took a fifty-foot strip of land from the west side of Sidles' farm, for which the city appraisers allowed him $1,600. On appeal to the district court he recovered $3,011.94, and the city appeals.

---

Eminent Domain, 20 C. J. p. 799 n. 30.

*In re* Sidles.

There was evidence that Sidles, in order to carry on his dairy business, was required to build a new dairy barn, reëstablish his dairy corrals, make a place for a hog shed, feed rack and pump, and in order to do so was obliged to destroy a portion of his fruit orchard, cutting off cherry, apple and plum trees located upon the land not actually taken. Evidence was introduced to show the value of the fruit trees which he was obliged to destroy, in order that the jury might consider to what extent the land not taken was depreciated in value, and ultimately to determine what would be full compensation to him by reason of the taking of a portion of his land. The city complains chiefly of the manner by which the jury arrived at the amount of damages.

Special questions were submitted to the jury and answered as follows:

"1. What was the most advantageous use for which the land condemned by the city and taken from the appellant, Sidles, was adapted in April, 1926? A. Dairy.

"2. How much do you award appellant as full compensation for the land exclusively, which was taken? A. $950.

"3. How much do you award appellant for the dairy barn, shed and dairy equipment therein contained which was taken? A. $725.

"4. What damages, if any, do you award appellant for the removal of his hog houses and feed racks from the land taken? A. $50.

"5. What damages do you award appellant for the fences and well which were located on the land taken? A. $75.

"6. What damages do you award appellant as full compensation for the cherry trees upon the land taken? A. $240.

"7. What damages do you award appellant as full compensation for—

(a) Cherry trees not upon the land taken but which he lost in rebuilding his barn and stock lots? A. $450.

(b) The apple and plum trees which appellant lost in rebuilding his barn and stock lots? A. $225.

"8. What damage do you award appellant as full compensation for moving his house and expenses incident thereto? A. $150."

It is argued by the city that a jury could be misled by attempting to itemize every conceivable item upon a tract of land taken. Perhaps so, but it did not do so here. The items enumerated do not make up the claimant's entire damages found by the jury—$3,011.94. So far as we are able to ascertain, the items only assisted the jury in arriving at the total amount of damages allowed. The damage allowed for the value of the trees was not a distinct and independent injury to the land. None of the items was considered separately and

apart from the value of the land, but they were considered as a part thereof in ascertaining the ultimate damage. Therefore, the theory of the trial court was not in conflict with principles enunciated in 20 C. J. 798; *Long Distance Telephone Co. v. Schmidt*, 157 Ala. 391; *P. B. & C. Traction Co. v. Vance*, 234 Ill. 36; *Manda, Inc., v. D. L. & W. R. R. Co.,* 89 N. J. L. 327; *Savings & Trust Co. v. Penna. R. R. Co.*, 229 Pa. St. 484, as contended by the city.

In *Smith v. Wyandotte County*, 113 Kan. 244, 214 Pac. 104, it was said:

"Where a strip of land is taken from an entire tract for the widening and improving of a highway, the owner is entitled to compensation to the extent of the value of the land taken and for injury to and depreciation of the remainder of the tract, resulting from the appropriation; and in determining the damages to which he is entitled, consideration may be given to the character of the improvement and its effect upon the part of the tract not taken, including interference with access to the tract and the use to which it is devoted or reasonably adapted." (Syl.)

The record presents no error that would warrant a reversal.

The judgment is affirmed.