No. 28,084.

Maxine Isham and Jack Isham, Minors, by Their Guardian, Florence Isham, et al., *Appellees*, v. The Board of County Commissioners of the County of Montgomery, *Appellant.*

(266 Pac. 655.)

Opinion filed April 21, 1928.

*C. W. Mitchell,* county attorney, for the appellant.

*Walter S. Keith* and *Harold McGugin,* both of Coffeyville, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This is an action against the board of county commissioners of Montgomery county by the owners of a forty-acre tract of land for damages to their land by reason of a road being constructed through it without their consent, thereby depreciating the value of the land not taken. The demurrer of the defendant board to this petition was overruled, from which ruling the board appeals.

The petition, after alleging ownership and giving description of the land, alleges in substance that the defendant board has trespassed upon their land, taken possession of it, and built a public

highway thereon without the consent of the owners and without following the statute for such purpose, cutting the land into two irregular fields; that in constructing such road and the ditches meandering the same the defendant has interfered with the means of draining such land, so that the land can scarcely be drained at all; that by failing to leave sufficient outlets for surface water, the value of the land has been decreased; and that "as a result of the conduct and doings on the part of the defendant . . . the farm is worth less by $3,000 what it would be if it were not for such road and ditches . . . having been built by the defendant, the board of county commissioners of Montgomery county, Kansas."

These allegations are trespass, taking possession without consent of owner, building public highway and ditches without following the statute, causing injury to land by cutting it in two irregular pieces, and constructing road and ditches improperly and failing to leave proper outlets, thus interfering with drainage, all to the damage of the owners and depreciation of the value of the land. These are allegations in tort, consisting of alleged wrongdoing and failure to follow the statute by getting the consent of the owner. The latter is as much a wrong as the former. The failure to do something required is a wrong or tort. If this action is not a tort, what is it? If we eliminate from the petition all the language alleging tort we have insufficient left to constitute a cause of action; so we are compelled to conclude it is an action in tort.

It will be observed that the individual members of the board are not made defendants. The only defendant is the board of county commissioners of Montgomery county. The board of county commissioners is never liable for wrongdoing except as made so by statute.

"Counties are involuntary quasi corporations and are mere auxiliaries to the state government and partake of the state's immunity from liability. They are in no sense business corporations.

"A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom." (*Silver v. Clay County,* 76 Kan. 228, syl., 91 Pac. 55.)

This rule applies to the construction and maintenance of highways. (*Anderson v. Cloud County,* 90 Kan. 15, 132 Pac. 996; *Gratney v. Wyandotte County,* 111 Kan. 160, 207 Pac. 209.) In the former case it was held that the petition did not state a cause of action when it asked pecuniary damages for the removal of a bridge,

because the law does not impose upon the county an obligation to respond in damages for wrongful acts committed by its governing board.

In *Thomas v. Ellis County*, 91 Kan. 443, 138 Pac. 409, the statute was not followed, as alleged in this case, which resulted after six years in a decision that the proceedings were irregular and void. Then the landowner filed his claim for damages and instituted proceedings to recover the same, and the court held:

"In the absence of some statutory provision, a county is not liable to a landowner for damages for the use of land attempted to be appropriated for a public highway, the proceedings to establish which are subsequently held to be illegal and void." (Syl. ¶ 2.)

We have two Kansas decisions where the damages claimed are as alleged in this case—interfering with drainage. In one of them the county constructed a bridge across a stream in such a manner that the abutments to the bridge obstructed the flow of the water and caused it to overflow adjacent land and damage the crops. It was there held that the county was not liable. (*Shawnee County v. Jacobs*, 79 Kan. 76, 99 Pac. 817.) The other is a case from Montgomery county where the board cut an artificial embankment in a drainage district and put in it a floodgate. The floodgate was alleged to have been defective or to have failed to accomplish the purpose intended. The court held the county could not be held liable for the injury to adjacent landowners and the destruction of their crops. (*Woolis v. Montgomery County*, 116 Kan. 96, 226 Pac. 244.)

We conclude that the petition might state a good cause of action in tort against an individual or corporation, but not against a county, which is a quasi corporation, an auxiliary to the state government, unless the liability is expressly imposed by statute or necessarily implied therefrom. No such statute is pointed out and we know of none that covers the complaint herein made.

Appellees refer to the fact that the kind of damages alleged in their petition were allowed and approved in *Smith v. Wyandotte County*, 113 Kan. 244, 214 Pac. 104, and in *In re Sidles*, 125 Kan. 1, 262 Pac. 550, but both such cases were appeals from awards in condemnation proceedings. The nature of the action and proceeding is the difficulty here, rather than the elements of damage. The demurrer of the county to the petition should have been sustained.

The ruling on the demurrer to the petition is reversed and the cause remanded with instructions to sustain the demurrer.