No. 28,490.

J. C. F. Webb, *Appellant*, v. The Board of County Commissioners of the County of Crawford, *Appellee*.

(274 Pac. 249.)

Opinion filed February 9, 1929.

*T. R. Evans*, of Chanute, for the appellant.
*C. S. Denison*, of Pittsburg, and *E. E. Haney*, of Girard, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover from Crawford county the value of gravel which it took from a gravel bar on plaintiff's land in Neosho county. Defendant demurred to the petition. Before the court ruled on the demurrer plaintiff amended. A demurrer to the amended petition was sustained on the ground action was barred by the statute of limitations. Plaintiff appeals.

The action was commenced October 29, 1924. The petition disclosed that taking of gravel extended to December 22, 1921. The petition was amended July 7, 1925. Defendant contends the original

petition stated a cause of action for trespass on land, and the action was barred by the two-year statute of limitations; if the amended petition stated a cause of action for trespass, the action was barred the same as before; if the amended petition converted the action into one based on implied contract, the action was commenced as of date of amendment, and was barred by the three-year statute of limitations.

The material portions of the petition follow:

"2. That during all the year of 1921 the plaintiff was and ever since has been the owner, and has been in the possession of the following-described land in Neosho county, Kansas: [Here follows description of land.]

"3. That during the year of 1921, and up to and including December 22, 1921, defendant took and hauled from a gravel bar on plaintiff's land 3,835.75 yards of gravel of the reasonable value of 25 cents per yard, aggregating in value the sum of $958.94, for which amount defendant is indebted to plaintiff, and which is due and unpaid.

. . . . . . . . . . . . .

"5. That no proceedings were at any time taken by said defendant or by any other rightful authority under any statute of Kansas condemning said gravel under the right of eminent domain, and said defendant is liable for the reasonable value of said gravel.

"Wherefore plaintiff prays judgment against said defendant for the sum of $958.94, with interest thereon at six per cent from December 22, 1921, and the costs of this action."

The amendment was added to paragraph 3, and reads as follows:

"That said gravel was used by defendant on the public roads of Crawford county in the improvement and betterment of said roads, as provided by law, . . ."

The statute provides that, if a county needs road material, including gravel, and an owner refuses to sell, or demands an excessive price, or denies access to a source of supply, the county may condemn, and the county determines, subject to appeal, the damages to the landowner and the price of the material taken. The provisions of the statute are extended to embrace the procuring of material from another county. (R. S. 68-137, 68-138.)

Leaving at one side the concluding statement of paragraph 5 of the petition, that defendant was liable for the reasonable value of the gravel, the substance of the paragraph was that the gravel was not taken pursuant to the statute. That being true, no price had been fixed by the county, and under the implied-contract theory, defendant would be liable, if at all, for reasonable value, as the paragraph alleged.

Defendant contends that consent to the taking was not alleged, no contract of sale was alleged, condemnation was negatived, and the taking must of necessity have been by trespass; a county cannot trespass on land in another county; members of the board of county commissioners may trespass, but .the county is not liable for their tortious conduct; therefore, no matter how the petition was framed, the action was one for damages for trespass.

A county is a body corporate whose corporate powers are exercised by a board of county commissioners, in whose name the county sues and is sued. In its corporate capacity a county has statutory authority to purchase personal property for use of the county. If a county needs gravel, it may buy gravel. The condemnation statute recognizes contractual power, and contains no limitation on exercise of contractual power. The statute merely enables a county to get gravel which it cannot procure from the owner on satisfactory terms regarding access to gravel bed and price of gravel removed. Whether the statute existed or did not exist, the county had corporate power to buy the gravel which it took and hauled away.

The principle that when a county appropriates property of another, which it might have obtained by contract, to its own use and benefit, without express contract, the law will imply one, was established by the decision in the case of *Butler v. Comm'rs of Neosho Co.*, 15 Kan. 178. In that case plaintiff sued for the value of the use of a room as a county office. The ground of the decision was appropriation of property to use of the county. In this instance the property was personal property, gravel hauled away. As the court said in the opinion in the Neosho county case, there would be no question if defendant were an individual or a private corporation. The doctrine of quasi contract was invented to meet just such cases, and the principle applied in the Neosho county case applies here, if recovery is predicated on quasi contract. The reasons for preferring the name quasi contract, instead of the name implied contract, are stated in 1 Williston on Contracts, § 3.

The nature of a cause of action, whether based on tort or on quasi contract, is to be determined from the allegations of the petition. When doubt exists words appropriate to an action for tort will be disregarded, and the petition will be interpreted as counting on quasi contract. (*Smith v. McCarthy*, 39 Kan. 308, 18 Pac. 204; *Delaney v. Implement Co.*, 79 Kan. 126, 98 Pac. 781; *Douglass v. Loftus, Adm'x*, 85 Kan. 720, 727, 119 Pac. 74.)

In this instance the following decisions leave no doubt whatever that the action was not one for trespass: *Bernstein v. Smith*, 10 Kan. 60: "Timber taken and received" from described land; *Hagaman v. Neitzel*, 15 Kan. 383: Trespass and severance of fence and twenty-two loads of stone; *McGonigle v. Atchison*, 33 Kan. 726, 7 Pac. 550: "Dig sand thereon, and remove, take and carry away" from Missouri to Kansas; *Douglass v. Loftus, Adm'x*, 85 Kan. 720, 119 Pac. 74: Trespassed on and into coal beds on the land of John C. Douglass, and carried away and converted his coal; *Garrity v. Board of Administration*, 99 Kan. 695, 162 Pac. 1167: Wrongfully entered on farm of plaintiff without his knowledge or consent, and removed large and valuable fossil.

The conduct of defendant was not merely destructive, or mischievous, or otherwise simply injurious, or of no benefit to defendant. (*Tightmeyer v. Mongold*, 20 Kan. 90; *Greer v. Newland*, 70 Kan. 310, 77 Pac. 98.) Defendant got 3,835.75 yards of sand worth 25 cents per yard. Paragraph 2 of the petition alleging ownership of described land was inserted by way of identification (*Bernstein v. Smith*, 10 Kan. 60, 67), and to show ownership of the gravel bar from which the gravel was taken. Words characteristic of trespass on and damage to realty are not found in the petition. The taking was not spoken of as wrongful, and no matter what the circumstances of the taking were the taking was ratified. By suing for the reasonable value of the severed gravel plaintiff elected that title had passed. (*Ireland v. Waymire*, 107 Kan. 384, 387, 191 Pac. 304.) The petition alleged that defendant was indebted to plaintiff for gravel taken in the sum of $958.94, which was due and unpaid. The result is there is no doubt the petition stated a cause of action for the reasonable value of personal property which defendant appropriated to its own use. The amendment to the petition merely specified the use, and did not change the nature of the cause of action stated in the original petition.

The trespass cases of *Thomas v. Ellis County*, 91 Kan. 443, 138 Pac. 409, and *Isham v. Montgomery County Comm'rs*, 126 Kan. 6, 266 Pac. 655, cited and relied on by defendant, clearly have no application, and the action was not barred by the statute of limitations.

The judgment of the district court is reversed, and the cause is remanded with directions to overrule the demurrer.