No. 34,188

E. C. SMITH, *Appellant*, v. ERNEST L. HIGGINS, County Engineer and/or County Surveyor of Reno County; W. L. POWELL, Superintendent of County Yards of Reno County; THE AETNA CASUALTY AND SURETY COMPANY, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RENO, *Appellees*.

(87 P. 2d 544)

Opinion filed March 4, 1939.

*Charles Hall, Ellis Clark, Abraham Weinlood* and *Vernon A. Stroberg*, all of Hutchinson, for the appellant.

*Wesley E. Brown,* of Hutchinson, and *Arthur T. Symns,* county attorney, for the appellees.

The opinion of the court was delivered by

Hoch, J.: This was an action for damages brought by an employee of Reno county. The county commissioners, the county engineer, the superintendent of county yards and the surety on the bond of the county engineer were named as defendants. Plaintiff alleged injury suffered while working in a sand pit operated by the county in connection with road and bridge work. The court sustained a motion to strike out certain portions of the petition, the effect of which was to leave only the "superintendent of county yards" as a defendant. Plaintiff appeals from the ruling on the motion to strike.

Plaintiff alleged that on the 19th of March, 1937, while working as an employee of the county in the sand pit being operated in connection with highway construction, he suffered injuries caused by the breaking of a belt on the machine hoist; that the accident resulted from the improper repairing of the belt which had been done a short time prior thereto by a county employee under the direction of W. L. Powell, superintendent of yards; that said Powell was "assistant clerk and/or deputy" of the county engineer, Ernest L. Higgins; that plaintiff and other persons who had worked about the machine hoist some time prior to the accident had asked the engineer to put safeguards about the belting and other moving parts of the machinery but that the engineer had failed or refused to do so, and that the machinery was being operated at the time of the injury without proper safeguards as required by G. S. 1935, 44-104; and that the injuries complained of were caused by the negligence of the defendants. The Aetna Casualty and Surety Company, as surety on the bond of the county engineer, was also joined as a defendant.

The sustaining of the motion struck from the petition all reference to G. S. 1935, 44-104 and 44-105 (the factory act), 68-505, 75-3020 and 19-1404, and also eliminated the casualty and surety company as a defendant.

The question here presented is whether, under the facts as alleged in the petition, the county, the county engineer or the bonding company, surety for the engineer, could be held liable for the injuries complained of, under the provisions of the factory act (G. S. 1935, 44-101 to 44-108) or of G. S. 1935, sections 19-1404, 75-3020 or 68-505.

The factory act (G. S. 1935, 44-101 to 44-108) imposes certain safety requirements upon persons "owning or operating any manu-

facturing establishment in which machinery is used." In many decisions this court has discussed the nature of the county and has often called attention to distinctions between counties and cities as legal entities. The county is not a corporation in any ordinary sense. It has at times been designated as an "involuntary quasi corporation." It is an arm and agent of the state set up to perform certain governmental and political functions. As such it partakes of the immunity which inheres in state sovereignty. (*Harling v. Wyandotte County*, 110 Kan. 542, 204 Pac. 764; *Osborne County v. City of Osborne*, 104 Kan. 671, 180 Pac. 233; *Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55; *Thomas v. Ellis County*, 91 Kan. 443, 138 Pac. 409; *Shawnee County Comm'rs v. Carter*, 2 Kan. 115.)

It is equally well established that counties are not liable for damages in actions for tort unless such liability is clearly imposed by statute. (*Silver v. Clay County*, supra; *Rosebaugh v. Allen County Comm'rs*, 120 Kan. 266, 243 Pac. 277; *Thomas v. Ellis County*, supra; *Pfefferle v. Comm'rs Lyon Co.*, 39 Kan. 432, 18 Pac. 506; *Anderson v. Cloud County*, 90 Kan. 15, 132 Pac. 996; *Robertson v. Labette County Comm'rs*, 122 Kan. 486, 252 Pac. 196.)

The factory act applies to "every person owning or operating any manufacturing establishment." Even if a sand pit under certain facts be regarded as a manufacturing establishment, it would be a wholly strained construction to hold that its operation by a county in connection with public road and bridge work—a governmental function—would place the county in the class of persons "owning or operating any manufacturing establishment" within the meaning of the factory act. Application of the rules just stated clearly prevents our holding that the factory act applies to counties.

G. S. 1935, 19-1404, provides:

"Any person who may think himself injured by the neglect or misconduct of any county surveyor, or any of his deputies, may institute suit on the bond executed by such county surveyor and his sureties."

Reno county does not have a "county surveyor." County surveyors are provided only in counties with a population of 60,000 or more and which have a city with a population of 40,000 or more. In such counties they are elected and give bond in the sum of $2,000, as provided in G. S. 1935, 19-1401. County engineers are appointed by the county commissioners under the provisions of G. S. 1935, 68-501, and give bond "to the state of Kansas" in the sum of $2,500, under the provisions of G. S. 1935, 68-505. It is true that the county engineer is charged with the duties of a "county sur-

veyor" in those counties having no county surveyor, but even if it might be held that third persons could bring suit on a bond given under section 68-505 for negligent acts or other misconduct on the part of the county engineer while performing the duties of a "county surveyor," there is no allegation that he was performing such duties in connection with the operation of the sand pit. Section 19-1404 does not apply in this case.

G. S. 1935, 75-3020, provides that—

"Every officer from whom an official bond is required, and the sureties in every such official bond, shall be liable on such bond for the acts or omissions of duty of all the assistants and clerks of such officer. . . ."

This section is a part of the statutes relating to state departments and officers. The county engineer is not a state officer. He is an employee of the county named by the county commissioners. But even assuming him to be an "officer" within the meaning of G. S. 1935, 75-3020, and assuming that the superintendent of yards was his assistant or deputy, and had been appointed by him—which is not alleged—he would not be liable as such "officer" for the alleged negligence of the superintendent of yards under the facts stated. The general rule is that in the absence of a statute imposing liability an officer is not liable (subject to certain exceptions not applicable here) for the defaults or misfeasances of assistants or deputies who have themselves become in a sense officers or servants of the public, unless it is shown that he has been negligent in selecting them or in supervising their work. (*State v. Kolb,* 201 Ala. 439, 78 So. 817; *Robertson v. Sichel,* 127 U. S. 507, 32 L. Ed. 203; *Hilton v. Oliver,* 204 Cal. 535, 269 Pac. 425; *Michel v. Smith,* 188 Cal. 199, 205 Pac. 113; *Fidelity & Casualty Co. of New York v. Brightman,* 53 F. 2d 161; *Dowler v. Johnson,* 225 N. Y. 39, 121 N. E. 487.)

There was no allegation in this case that the engineer was guilty of negligence in the selection of assistants or that he was guilty of any willful or malicious conduct in connection with the alleged faulty repairs made on the machine hoist.

G. S. 1935, 68-505, provides for engineer's bond given to "the state of Kansas" in the sum of $2,500, "conditioned upon the faithful discharge of his duties and the protection, care and return of all property of the county which may come into his custody." There was no allegation that the county engineer was personally guilty of the negligence alleged in making the repairs. For reasons already stated he could not, under the facts as alleged, be held

liable on account of the alleged negligent acts of the superintendent of yards. The county engineer not being liable under the facts as stated, the surety company could not be held.

We find no error in the action of the trial court in sustaining the motion.

The judgment of the trial court is affirmed.