No. 36,133

DELLA CLAPHAM, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI, *Appellant*.

(149 P. 2d 344)

Opinion filed June 10, 1944.

*A. B. Mitchell,* attorney general, and *Jabez O. Rankin,* of Paola, were on the briefs for the appellant.

*Karl V. Shawver,* of Paola, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff brought this action for damages for the death of her husband, alleged to have resulted from the negligence of defendant. A demurrer to the second amended petition was overruled, and defendant has appealed.

The allegations of the petition may be summarized as follows: That on a day stated defendant was engaged in the construction or repair of an abutment to a bridge on a county highway which had been damaged by rainfall; that the bridge was in a defective condition, a fact known to the chairman of the Board of County Commissioners for more than five days prior thereto; that Ed Lee, one of the commissioners, was in charge of the repair work and Roy Servos was in defendant's employ as supervisor; that plaintiff's husband, Joe Clapham, was then and there in the employ of defendant and was directed to lay stone at a point near the bottom of the abutment and below some stone near the top of the place where Clapham was directed to make the repair by the foreman and member of the Board of County Commissioners above mentioned; that defendant, by ordinary care, should have known that the place Joe Clapham was to do such work was a dangerous place to work; that in obedience to their commands, and while so employed in laying such stone, a large quantity of stone from the abutment above him caved in on his body and person, causing his death, "all through the negligence of the defendant in not providing a safe place for the said Joe Clapham to work, and directing him to work in a dangerous place on a defective bridge over which the defendant had control and supervision of the construction, . . ." It was further alleged that the defendant at the time was not engaged in any governmental work.

Defendant's demurrer was upon the ground that the petition did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. Appellant contends the demurrer should have been sustained. The point is well taken. In *Silver v. Clay County,* 76 Kan. 228, 91 Pac. 55, it was held:

"Counties are involuntary *quasi-*corporations and are mere auxiliaries to the state government and partake of the state's immunity from liability. They are in no sense business corporations.

"A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom."

In *Shawnee County v. Jacobs,* 79 Kan. 76, 99 Pac. 817, it was held:

"A county, while engaged in building a bridge upon a public highway, acts as a subdivision of the state government, and is not liable for the negligent performance of such work unless expressly made so by statute."

These rules have been recognized repeatedly throughout the history of our state, as shown by the following partial list of cases to the same effect: *Fisher v. Township,* 87 Kan. 674, 125 Pac. 94; *Thomas v. Ellis County,* 91 Kan. 443, 138 Pac. 409; *Woolis v. Montgomery County,* 116 Kan. 96, 226 Pac. 244; *Bohm v. Racette,* 118 Kan. 670, 236 Pac. 811; *Robertson v. Labette County Comm'rs,* 122 Kan. 486, 487, 252 Pac. 196; *Isham v. Montgomery County Comm'rs,* 126 Kan. 6, 266 Pac. 655; *Kebert v. Wilson County Comm'rs,* 134 Kan. 401, 5 P. 2d 1085; *Smith v. Higgins,* 149 Kan. 477, 87 P. 2d 544, and authorities cited therein.

Appellee appears to rely upon G. S. 1935, 68-301, which in part reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located, as hereinafter provided; . . ."

We think this statute has no application to the situation described in the petition in this case. We are cited to no case, and our own research discloses none, which would sustain plaintiff's view. Indeed, some authorities above cited are specifically to the contrary.

The result is the judgment of the court below must be reversed with directions to render judgment sustaining the demurrer to the second amended petition. It is so ordered.