No. 38,843

Nick Wolf, *Appellee*, v. The Fidelity and Deposit Company of Maryland, a Corporation, and Hal L. Everett, *Appellants*.

(256 P. 2d 862)

Opinion filed May 9, 1953.

*Drew Hartnett,* of Salina, argued the cause, and *Raymond E. Haggart,* of Salina, was with him on the briefs for the appellants.

*William S. Norris,* of Salina, was on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: Plaintiff sued to recover damages to his automobile and for personal injuries sustained when he drove onto a bridge which was part of a road maintained by the county, several boards of the floor of which had been removed in making repairs and no warning signs or barricades indicating the road was not passable had been put out or erected. The sole defendants were the county engineer and the surety on his bond. Defendants filed separate motions to strike parts of the petition, which were successfully contested. They then separately demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled and they have appealed.

In support of the ruling of the trial court counsel for appellee frankly state:

"This action is not against Saline County. . . . This action is not against the County Engineer by reason of his negligence in removing the bridge planks from the floor of the bridge and leaving it open. It is based upon his failure to faithfully perform his duties under the statutes which provide that in such circumstances the County Engineer shall act for the County, and that it is the duty of the County Engineer to place warning signs, barricades and lights across such a highway when its condition is impassable and dangerous to the traveling public; and against the surety on the County Engineer's official bond which is conditioned that the County Engineer 'shall faithfully perform and execute the duties of his office required of him by law.' "

The sole question before us is whether this action can be main-

tained. Our statute (G. S. 1949, 68-501) requires the county commissioners to appoint a competent road builder or supervisor of roads whose official title shall be county engineer, the appointment to be subject to the approval of the state highway commission. G. S. 1949, 68-502, prescribes the duties of the county engineer. It reads:

"That it shall be the duty of the county engineer, in conformity with the regulations and requirements of the state highway commission: (1) To prepare plans and specifications and estimates for roads, bridges and culverts built by the county. (2) To act for the county in all matters relating to the supervision of the construction, repairing, surfacing, resurfacing and maintenance of any roads, bridges or culverts, or anything pertaining to rivers, streams or watercourses, for which the county pays any part of the cost thereof. (3) To visit and inspect the highways and bridges in each township of his county and district at least once in each year, and advise and direct the township board of highway commissioners and the road overseer of each township as to the best methods of construction, repair, maintenance and improvement of such highways, bridges and culverts. (4) To prepare plans, specifications and general regulations governing the construction and maintenance of township roads, bridges and culverts, and to furnish copies of the same to the township board of highway commissioners and to the road overseer of the several townships of his county or district. (5) To keep a record of all contracts and of all purchases of material, machinery or apparatus to be used in road construction, in excess of $200, approved by him in any township as herein provided. (6) To study the soil conditions and collect information concerning the various deposits of gravel, stone, sand, clay and other road and bridge building materials, and to investigate and determine the most approved methods of using the same. (7) To make maps of the roads in the different townships of his county or district, and where there are no other records, or the records are incomplete, he shall make maps of plats and file them in the offices of the county clerk and township clerk, which when passed upon and adopted by the board of county commissioners shall be the records of such roads where there are no other records, and shall be additional and supplemental records when the former records are incomplete or imperfect. (8) To answer inquiries and to hold two or more public meetings annually to advise with highway officials in road, bridge and culvert improvement, and to perform all other duties required by law."

Counsel for appellee relies heavily upon our statute (G. S. 1949, 68-121), which places certain duties upon anyone who has "entered into any contract" to do any highway construction or repair work, "or any city, township, or county, which has undertaken for itself to perform" such work; and the following section, 68-122, which makes the failure, neglect or refusal to comply with the provisions of section 68-121 a misdemeanor, for which the penalty is prescribed.

We see nothing in any of the statutes above cited making it the personal duty of the county engineer to do the actual work of making repairs on the floor of a bridge on a county highway. Counsel for appellants call attention to the fact that there was no specific allegation in the petition that the county engineer was present and doing the work of repairing the bridge. In his brief counsel for appellee replies to that as follows:

"Appellants say the petition should have alleged the appellant Everett was himself *personally* engaged in doing this work. The petition alleges the work was being done by the county, and that the defendant Everett as County Engineer and acting for and on behalf of the County as provided by law, commenced the work of repairing said bridge and caused the floor of the bridge to be removed. There was no necessity under the law that he personally do this work. But having commenced and done the work as the act of the County, as its officer charged with doing such work, the law placed on him the *personal* duty to do certain things to protect persons using the public highway from injury which might result from the dangerous condition of the highway and bridge. The petition alleges he did not perform this duty. Whether, if he had done his duty, he would have personally done the manual or physical work involved in its performance, has no bearing on this case or on the sufficiency of the petition. It was his duty to do it or to see that it was properly and adequately done. He could delegate the physical work of doing the required act, but he could not delegate or shift the statutory personal responsibility for doing it, or seeing that it was done.

"Here the petition alleges the duty was not performed, either by the defendant or any one else. If there was any question in this case as to its having been done improperly or negligently by some subordinate, the failure would still have been that of this defendant, as the law made it his personal duty, and he would have been still personally liable. He could not evade this personal responsibility by directing some subordinate to do it, and then claiming that the failure to do it or to do it properly was the fault of the subordinate. If he did not do it himself as the law required, it was still his duty to supervise the work and see that it was done adequately, and properly. . . ."

Appellee's argument is not well taken. In *Miller v. Ottawa County Comm'rs,* 146 Kan. 481, 71 P. 2d 875, the court held the county engineer "is a public officer, and not an employee of the county board with ministerial duties"; and in the opinion (p. 485) it was said:

". . . his work is to no extent ministerial or subject to the supervision and direction of the appointing power, but his position is a public office created by the legislature as much so as that of the county commissioners constituting the county board appointing him."

*Smith v. Higgins,* 149 Kan. 477, 87 P. 2d 544, was an action for damages brought by an employee of Reno county. The county

commissioners, the county engineer and the surety on his bond, and the superintendent of the county yards were named as defendants. Plaintiff alleged that on a certain date, while working as an employee of the county in the sand pit being operated in connection with highway construction, he suffered injury caused by the breaking of a belt on the machine hoist, which resulted from the improper repairing of the belt by a county employee under the direction of W. L. Powell, superintendent of the yards, and that Powell was assistant clerk and/or deputy of the county engineer. In that case the plaintiff sought to invoke section 75-3020 of our General Statutes (now G. S. 1949, 75-3020), which provides:

"Every officer from whom an official bond is required, and the sureties in every such official bond, shall be liable on such bond for the acts or omissions of duty of all the assistants and clerks of such officer. . . ."

The court noted that this is a section of our statute pertaining to state employees and officers and that the county engineer is not a state officer, and said:

"But even assuming him to be an 'officer' within the meaning of G. S. 1935, 75-3020, and assuming that the superintendent of yards was his assistant or deputy, and had been appointed by him—which is not alleged—he would not be liable as such 'officer' for the alleged negligence of the superintendent of yards under the facts stated. The general rule is that in the absence of a statute imposing liability an officer is not liable (subject to certain exceptions not applicable here) for the defaults or misfeasances of assistants or deputies who have themselves become in a sense officers or servants of the public, unless it is shown that he has been negligent in selecting them or in supervising their work." (Citing authorities.)

Counsel for appellee cites no Kansas authority supporting the view that the defendant or county engineer is liable under the facts of this case. He does cite *Mott et al. v. Hull*, 51 Okla. 602, 152 Pac. 92, where it was held:

"Where the duties of an officer are purely ministerial, he may be liable in damages to anyone who can show that he has suffered a special injury because of such officer's failure to perform, or negligent performance of such duty."

This case has given the Oklahoma courts quite a little trouble, as shown by the opinion in *Lowe v. Storozyszyn*, 183 Okla. 471, 83 P. 2d 170, and *Hines v. Carroll*, 186 Okla. 555, 99 P. 2d 113. These cases point out the distinction between acts of negligence, spoken of as misfeasance, and nonfeasance, which is doing nothing, and cites circumstances under which one might be negligent for the former but not for the latter. The result is *Mott et al. v. Hull*,

supra, is limited to acts of misfeasance by an officer whose duties are purely ministerial. Counsel for appellee also cites *Tholkes v. Decock*, 125 Minn. 507, 147 N. W. 648, where recovery was allowed in a case of misfeasance of an overseer in repairing a culvert in a public highway. It was not a case of nonfeasance. This case has given the Minnesota courts difficulty. In *Bolland v. Gihlstorf*, 134 Minn. 41, 158 N. W. 725, it was squarely held that township trustees and the road overseer are not personally liable for failure to repair bridges or roads. This decision was followed in *Stevens v. North States Motor, Inc.*, 161 Minn. 345, 201 N. W. 435. In *Giefer v. Dierckx*, 230 Minn. 34, 40 N. W. 2nd 425, the court considered the earlier Minnesota cases and held:

"Township officers are not liable to one injured in driving into bridge washout caused by heavy rain for failure to give warning of existence of washout."

Counsel for appellee also cites general authorities to the effect that where the duties of the officer are ministerial they may be liable for negligent performance of such duties. None of these authorities is in point here, for, as we have seen, the duties imposed by statute upon the county engineer are not ministerial duties. They are governmental duties. He acts for the county. (*Breedlove v. Wyandotte County Comm'rs*, 127 Kan. 754, 758, 275 Pac. 379.) In fact the plaintiff's petition clearly shows that the work of repairing the bridge was being done on a road which was under the jurisdiction of the county commissioners — in other words, a county road. The county engineer was a county officer acting for the county. It is well settled in this state that the county and its officers are immune from liability for negligence except to the extent they may be made so by statute. (See, *Silver v. Clay County*, 76 Kan. 228, 91 Pac. 55, citing many of the earlier cases. Also, see, *Gresty v. Darby*, 146 Kan. 63, 68 P. 2d 649, and *Clapham v. Miami County Comm'rs*, 158 Kan. 685, 149 P. 2d 344, citing many of the later cases.) In fact, counsel for appellee does not contend the rule to be otherwise.

We think it was error for the court to overrule the motions of the respective defendants to strike, and also to overrule their demurrers to the petition, and that the judgment of the trial court should be reversed, with directions to sustain the demurrers to the petition.

It is so ordered.