No. 43,923

RICHARD D. CAYWOOD, a Minor, by His Natural Guardian and Next
Friend, JUANITA M. CAYWOOD, *Appellant,* v. THE BOARD OF
COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, *Appellee.*

(399 P. 2d 561)

Opinion filed March 6, 1965.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Wayne Coulson,
Paul R. Kitch, Dale M. Stucky, Gerrit H. Wormhoudt, Philip Kassebaum,
John E. Rees, Robert T. Cornwell, Willard B. Thompson, David W. Buxton,*
all of Wichita, were with him on the brief for the appellant. *Hugo T. Wedell*
and *Homer V. Gooing,* of Wichita, of counsel.

*John Brimer,* Assistant County Counselor, argued the cause, and *George
D. McCarthy,* County Counselor, and *David G. Arst,* of Wichita, were with
him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The question in this case is whether defendant county
is immune from liability for its alleged negligence in the operation
of a recreational area owned and maintained by it.

Summarized quite briefly, the petition, in its first cause of action,
alleged the following:

For some years, pursuant to statutory authority, the county
owned, maintained and operated the Lake Afton recreational area.
A dock had been extended out into the lake and a pump installed
on it by means of which water was pumped and furnished to the
owner of adjacent property. The recreational facilities at the lake
were available for the use of the general public. Certain concession
rights had been granted by contract to a private individual. Swim-
ming always had been permitted at the lake, but certain portions
thereof had been determined to be unsafe and at one time the public

had been so warned by signs. Sometime prior to the date in question a "no swimming" sign had been posted on the dock above mentioned, but apparently had been destroyed or removed and had not been replaced.

On May 26, 1962, plaintiff, a boy 14 years of age, dived off of the dock into water which was only three to four feet deep. At the time there were no signs or other warning that the water where he dived was so shallow. Plaintiff received severe personal injuries and brought this action against the county alleging numerous grounds of negligence, such as failing to erect a barrier to prohibit access to the dock, in failing to provide and maintain warning signs, and in failing to provide adequate supervision at the immediate location where persons, particularly children, would be likely to swim. Recovery was sought in the amount of $75,000.

The second cause of action incorporated certain allegations contained in the first cause of action and sought recovery on the theory that defendant county, in the operation of such recreational facilities, was guilty of maintaining an "attractive nuisance."

Defendant county filed a motion to strike various allegations in both causes of action and, in the alternative, to make definite and certain. The motion was treated and considered by the court and counsel for both parties as a demurrer. On December 2, 1963, it was sustained as to the first cause of action and overruled as to the second cause of action.

Plaintiff has appealed from the order sustaining the demurrer to his first cause of action and the correctness of that ruling is the question in this appeal. Defendant county has not cross-appealed from the order as to the second cause of action and the correctness of that ruling is not here involved.

Plaintiff contends that (1) the county was engaged in a proprietary function in maintaining and operating Lake Afton, a recreational area, and particularly in maintaining and operating the dock from which he dived; and (2) if the county was engaged in a governmental rather than a proprietary function, this court should discard the ancient and outmoded "governmental immunity" doctrine as it has heretofore discarded the "charitable immunity" doctrine in *Noel v. Menninger Foundation,* 175 Kan. 751, 267 P. 2d 934.

Defendant county, on the other hand, contends that (1) all county functions are governmental and, absent a statute to the contrary, the county has no liability for negligence in maintaining a

recreational facility; (2) there is a distinction between municipalities (cities) and counties, and (3) if the doctrine of governmental immunity is to be abolished it should be done by the legislature and not by this court.

We consider it unnecessary here to enter into a discussion of the long established rule in this state pertaining to the liability or nonliability of a city for negligence—depending upon whether at the time the city was engaged in a "proprietary" or "governmental" function. A thorough discussion is found in *Krantz v. City of Hutchinson, et al.,* 165 Kan. 449, 196 P. 2d 227, 5 A. L. R. 2d 47, and *Wendler v. City of Great Bend,* 181 Kan. 753, 316 P. 2d 265.

Counsel for plaintiff have cited us no case from this jurisdiction where—with respect to liability of a county for negligence—a distinction has been made between governmental and proprietary functions, and our research has failed to disclose any such decision. Cases dealing with tort actions against counties uniformly have held that in the absence of a statute imposing liability, counties are not liable for negligence—irrespective of the nature of the function involved. The following cases, although factually unlike the case before us, illustrate and support the rule just stated.

The case of *Eikenberry v. Township of Bazaar,* 22 Kan. 556, 31 Am. Rep. 198, discusses the distinction between counties and townships on the one hand—and cities on the other. Rather than quote at length from it we incorporate herein by reference the entire opinion of the case.

In *Silver v. Clay County,* 76 Kan. 228, 91 Pac. 55, it was held:

"Counties are involuntary *quasi*—corporations and are mere auxiliaries to the state government and partake of the state's immunity from liability. They are in no sense business corporations." (Syl. 1.)

"A county is not liable in damages for the negligent or wrongful acts of its board of county commissioners, unless such liability is expressly imposed by statute or necessarily implied therefrom." (Syl. 2.)

To the same effect is *Thomas v. Ellis County,* 91 Kan. 443, 138 Pac. 409, in which it was held:

"Counties are mere auxiliary agencies of the state government, and, like the state, are immune from liability on account of damages occasioned by the manner in which they exercise or fail to exercise their governmental powers." (Syl. 1.)

and also note what was said at pages 445 and 446 of the opinion.

In *Rosebaugh v. Allen County Comm'rs,* 120 Kan. 266, 243 Pac. 277, appears the following statement:

"The county, however, as an agent of sovereignty, rests under no common liability for negligence of its officers. It is not subject to actions for damages except so far as the legislature has expressly provided." (p. 267.)

Again, in *Robertson v. Labette County Comm'rs,* 122 Kan. 486, 252 Pac. 196, it was said:

"This action is not founded in tort, but if it were the county would be liable only to the extent it is made so by statute (citing), and there is no statute making the county liable for injuries such as are claimed in this case." (p. 487.)

In *Isham v. Montgomery County Comm'rs,* 126 Kan. 6, 266 Pac. 655, it was held:

"The rule announced in (citing cases), to the effect that a county is not liable in damages for the negligent or wrongful acts of its board of county commissioners unless such liability is expressly imposed by statute or necessarily implied therefrom, adhered to and followed." (Syl. 4.)

and said:

"We conclude that the petition might state a good cause of action in tort against an individual or corporation, but not against a county, which is a quasi corporation, an auxiliary to the state government, unless the liability is expressly imposed by statute or necessarily implied therefrom. No such statute is pointed out and we know of none that covers the complaint herein made." (p. 8.)

The general rule was announced again in *Smith v. Higgins,* 149 Kan. 477, 87 P. 2d 544, where it was said:

"In many decisions this court has discussed the nature of the county and has often called attention to distinctions between counties and cities as legal entities. The county is not a corporation in any ordinary sense. It has at times been designated as an 'involuntary quasi corporation.' It is an arm and agent of the state set up to perform certain governmental and political functions. As such it partakes of the immunity which inheres in state sovereignty." (citing.)

"It is equally well established that counties are not liable for damages in actions for tort unless such liability is clearly imposed by statute." (citing.) (p. 479.)

The following cases also support the rule: *Fisher v. Township,* 87 Kan. 674, 678, 679, 125 Pac. 94, 41 L. R. A. (N S) 1074, Ann. Cas. 1914 A 554; *Anderson v. Cloud County,* 90 Kan. 15, 18, 132 Pac. 996; *Woolis v. Montgomery County,* 116 Kan. 96, 98, Syl. 1, 226 Pac. 244; *Kebert v. Wilson County Comm'rs,* 134 Kan. 401, Syl. 1, 5 P. 2d 1085; *Clapham v. Miami County Comm'rs,* 158 Kan. 685, 149 P. 2d 344; *Wolf v. Fidelity & Deposit Company of Maryland,* 174 Kan. 402, 406, 256 P. 2d 862, and *Wommack v. Lesh,* 180 Kan. 548, 551, 552, 305 P. 2d 854.

And to the same effect see 14 Am. Jur., Counties, §§ 48, 49, pp. 215, 216.

There are at least two instances in which the legislature has provided for tort liability of a county—thus recognizing that absent such statute the rule of immunity would prevail. K. S. A. 68-301 relates to liability for a defective bridge, culvert or highway, and K. S. A. 12-2601 *et seq.*, provides for liability for injury resulting from the negligent operation of a motor vehicle, under the limited conditions and circumstances enumerated.

K. S. A. 19-2819 *et seq.*, under the provisions of which the county acquired, established and maintains the recreational area in question, contains nothing creating a statutory liability of the county for negligence.

Notwithstanding plaintiff's argument as to the application of § 18 of the Bill of Rights, which provides that all persons, for injuries suffered in person, shall have remedy by due course of law, we decide this case—not on the basis of the "governmental—proprietary" function doctrine as applied to cities—but on the basis of the many decisions of this court to the effect that in the absence of a statute imposing liability—a county is not liable in damages for negligence. Should the legislature see fit to abolish such immunity, it is of course within its power to do so.

The order sustaining the demurrer to the first cause of action is affirmed.

WERTZ, J., dissents.