J. H. McKnight, *Appellee*, v. The City of Wichita,
*Appellant*.

No. 16,419.

SYLLABUS BY THE COURT.

1. Condemnation Proceedings—*Measure of Damages.* On an
appeal from the condemnation of land it is proper, in proving
damages, to consider all the capabilities of the property and
its most advantageous uses as it is actually situated. (*Irrigation Co. v. McLain*, 69 Kan. 334.)

2. —————— *Tract Surveyed and Mapped—Plat Not Recorded—
Damages to Entire Tract.* On the trial of an appeal from the
award in a proceeding to condemn a portion of a tract taken
for a drainage canal the fact that the owner of the tract had
it surveyed and mapped for residence and gardening plats, no
plat dedicating streets and alleys through the tract having
been recorded, does not debar such owner from having damages assessed to the remainder of the entire tract not taken
for the ditch, although the jury find and assess damages to
the tract on the basis that it is most valuable for residence
purposes.

Appeal from Sedgwick district court. Opinion filed
July 9, 1910. Affirmed.

*F. B. Stanley*, and *A. S. Buzzi*, for the appellant.
*S. B. Amidon*, and *D. M. Dale*, for the appellee.

The opinion of the court was delivered by

Smith, J.: In 1906, and since, McKnight was and
has been the owner of a tract of about 138 acres of
land in the city of Wichita. The tract was unplatted,
and had been used as farm land, although McKnight
had had it surveyed and mapped into residence and
garden plats. No plat thereof had been recorded. A
widely meandering stream, called Chisholm creek,
which ordinarily flowed only a small stream, but occasionally was deep, extended through this tract.

Early in 1906 the city, after proper proceedings, appointed appraisers to condemn a strip of this land 150

feet wide for a drainage canal. The canal was to be fifty feet wide, with fifty feet on either side for a right of way. The strip of land was condemned, and on August 25, 1906, the appraisers filed their report showing the land taken and the allowance made by them for damages to the remainder of the tract. The report was approved by the council on August 27. The damages allowed by the appraisers and approved by the council were $5687, $3990 being allowed for 6.65 acres of land taken and $1697 for damages to the remainder of the tract.

McKnight appealed from the award. The cause was tried to a jury in the district court of Sedgwick county, and a verdict was rendered in favor of McKnight for $17,757.41, $16,148 of which was for the damages found as of date, August 27, 1906, and the remainder being interest at six per cent from that date to April 25, 1908. Judgment was rendered in accordance with the verdict, and the city appeals.

At the time of the trial the evidence showed that the digging of the canal at least had been completed through the tract, and that the canal extended some distance toward the river southward, where it emptied into Chisholm creek, and that at the time of the trial there was a continuous flow of water in the canal; that the canal had been excavated fifty feet wide at the top, and from a minimum of six or eight feet to a maximum of thirteen or fourteen feet deep, and that the earth taken therefrom had been piled on either side of the canal unevenly, some places practically covering the entire right of way on either side, and being in places twelve or fifteen feet high.

On the trial considerable evidence was admitted pro and con as to the cost of filling the old bed of Chisholm creek, and also evidence that whereas prior to the digging of the canal the creek at its lowest stages was still a flowing stream, after the canal was dug and the water diverted there were stagnant and offensive pools

of water in the bed of the creek. The city objected to this evidence, and insists that it was prejudicial and erroneous, although on the trial it offered some counter evidence. The findings of the jury, however, make it unnecessary for us to determine whether this evidence was erroneously admitted, as the special findings of fact and the verdict indicate that the jury made no allowance for damages on this account.

The principal contention and complaint of the city is that the canal was not completed, or at least that the piles of earth along the canal were not intended to be left there permanently, and that it devolved upon Mc-Knight, if the damages were to be appraised as they appeared to be at the time of the trial, to show that the work was completed. The rule of law appears to be that when damages are appraised at the condemnation of land for a public purpose, as the damages were appraised in this case by the appraisers appointed for that purpose, it is to be presumed that the work will be done in the proper manner, and in such a way as to avoid any unnecessary damage to the landowner. Where, however, the work upon the condemned land has been completed before the time of the appraisement or trial, evidence may be offered and the case determined upon the conditions as they then exist.

Evidence in this case was offered that the work was completed through the plaintiff's land six or eight months before the trial, and in the absence of any evidence to the contrary it was fair to assume that the work was fully completed. The city attorney in presenting the case, however, said he would offer in evidence the original plans made by the city engineer some two years before, to which objection was made and sustained. There was no evidence, or offer of evidence, that these plans had been approved, or that the contract for the making of the canal had been let upon that basis. Questions were asked, however, of the mayor at the time of the trial as to what had been done with

reference to removing the dirt from the sides of the canal during his administration. If the work had actually been done, it was a matter of proof; but it is only urged by the city that the mayor had delivered some message or made some recommendation to the council in regard to it. The city had a right to leave the earth piled on the right of way, as it was, and no effort was made to show that by contract or otherwise anyone was under any obligation to remove it or to level it down. We think there was no error in excluding the evidence, and that McKnight had a right to show the conditions as they were at the time of the trial and to have the damages assessed according to the conditions then existing.

On the trial the city contended that the tract of land was simply a farm, and was valuable only for farming purposes, and requested instructions to the jury on the basis of damages for the land actually taken and to the remainder as one entire tract. In this court the city contends that the tract had been divided into building and garden tracts, and that no damages should be allowed except as to those tracts cut or touched by the canal. The proper basis for damages was the value of the portion of the tract actually taken for the canal and right of way, and the difference in value of the remainder of the tract immediately before and after the appropriation of the land. This value may be proved for any and all purposes for which the tract was adapted, and this is just the character of evidence that was offered in this case.

In one instruction the court seems to have assumed that the land was more valuable for residence purposes. If this was erroneous it was not prejudicial, as the question was fairly submitted to the jury, and they determined that it was more valuable for residence purposes than for farming.

Again, it is contended that the damages found by the jury were so excessive as to be evidence of prejudice,

and one of the reasons assigned is the great difference of opinion expressed by witnesses, the evidence of some indicating that the damage was more than twice that assessed by the jury, and of others, that it was less than one-half of the amount; and it is said in argument that this is evidence that the damages allowed were speculative. We can not concur in this view. The numerous witnesses who so testified were shown to be familiar with the land in question, with the city, and all the surroundings, and the jury and the court heard their various reasons for their different estimates and had the advantage of seeing and hearing the witnesses. We think that the fact that the jury did not go to either extreme of the evidence indicates rather that they took a conservative veiw of the questions presented.

That the proper basis of damages is the value of the tract actually taken and the difference in value of the remainder of the tract immediately before and after the taking has been so repeatedly decided in this and other courts that the citation of authorities is unnecessary.

We think, also, that the evidence fully justified the assessing of damages to the tract as a whole, and not to the several tracts into which it had been surveyed and mapped, although not platted.

The city urges that the unity of use should determine the question, and not the contemplated change of use. The evidence was undisputed that the entire tract had been used for farming purposes, and it was so stated by witnesses called by the city. This principle of unity of use has been applied generally where two or more tracts owned in severalty by different parties were used for one purpose. (*Comm'rs of Smith Co. v. Labore,* 37 Kan. 480, 483; *Irrigation Co. v. McLain,* 69 Kan. 334; *Railway Co. v. Roe,* 77 Kan. 224.) In the case last cited it was said:

"In framing his petition the plaintiff was entitled to

claim damages according to the most advantageous use he could make of his land.  If, for example, taking the entire body of lots as a whole, they could be used most profitably for fruit raising, or as a vegetable garden, or for a dairy, he might have sued for and recovered damages to the entire tract on that theory, and the circumstances that the lots were separated by streets and alleys would not have stood in the way. On the other hand, if the chief value of the property, or some of it, should lie in its marketability as ordinary city lots, the plaintiff would have the right to take advantage of the municipal subdivisions and claim damages to all those, and to those only, which were decreased in value by reason of the condemnation.  If the depreciation in value should extend across lot or block lines or streets or alleys the damages should be coextensive with the injury, since nothing less would afford compensation, and it is the purpose of the law to secure to the landowner. full compensation." (p. 226.)

We find no prejudicial error in the proceedings, and the judgment is affirmed.