No. 20,968.

T. H. GRIFFITH, *Appellant and Appellee,* v. THE CITY OF WICHITA, *Appellee,* and THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, and THE WICHITA UNION TERMINAL RAILWAY COMPANY, *Appellants.*

SYLLABUS BY THE COURT.

1. DAMAGES—*Obstructing Access to City Property—Instructions—Findings.* In an action for damages for the obstruction of access to property based on but one ground, it was error to permit proof of another ground and to give instructions and submit findings pertaining thereto, but as the jury separated the amounts allowed on account of each, the error was rendered practically harmless as that part of the judgment might have been eliminated.

2. SAME—*Elements of Damages—Instructions.* Damages were permitted to be proved on the basis of the plaintiff's right to occupy a part of a certain street, but this proof was eliminated by an instruction given and the error, if any, was thereby neutralized.

3. SAME—*Special Questions—No Error in Submission.* Certain special questions, which the defendants assert were not within the range of the testimony, were submitted, but having been answered in accordance with inferences fairly to be drawn from physical facts shown by the record no error in their submission is disclosed.

4. SAME—*Joint Liability of Defendants.* The finding that one of the defendants rearranged certain railroad tracks, thereby obstructing travel in the street, did not relieve the other defendant from responsibility therefor in view of another finding to the effect that such rearrangement was a part of the general enterprise in which they were both engaged.

5. SAME—*Inconsistent and Contradictory Findings.* The jury expressly found that a certain depression in one street rendered the passage of teams and vehicles thence into another street impossible, and by another finding stated with equal perspicuity that notwithstanding such depression it would have been practicable for teams, wagons and other vehicles to pass from the one street into the other. *Held*, that such inconsistent and contradictory findings cannot be permitted to stand.

6. SAME—*Cause of Damages as Alleged Not Proven.* It appearing from the entire record and from the testimony of the plaintiff himself that the cement wall complained of as a barricade did not have the effect to increase the obstruction to travel, it is held that the plaintiff cannot recover on account of the erection of such wall.

7. SAME. From the location of different avenues of approach shown by the record and from the space in the street occupied by the plaintiff with a platform or a loading dock in front of his own buildings, it is held that he is not shown to have been damaged by the rearrangement of railroad tracks complained of.

8. SAME—*Claim against City—Not Filed in Statutory Time.* The claim for damages not having been filed with the city clerk in the time required by the statute, the judgment in favor of the city must for this reason, regardless of others, be affirmed.

Appeal from Sedgwick district court, division No. 2; THORN-TON W. SARGENT, judge. Opinion filed December 8, 1917. Affirmed in part and reversed in part.

*S. B. Amidon, D. M. Dale,* and *S. A. Buckland,* all of Wichita, for appellant and appellee T. H. Griffith.

*William R. Smith, Owen J. Wood,* both of Topeka, for appellant The Atchison, Topeka & Santa Fe Railway Company; *R. R. Vermilion, Earle W. Evans, Joseph G. Carey,* and *W. F. Lilleston,* all of Wichita, for appellant The Wichita Union Terminal Railway Company.

*O. A. Keach,* and *Robert C. Foulston,* both of Wichita, for appellee The City of Wichita.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued the railway company, the terminal company and the city of Wichita for obstructing the ingress to and egress from his two wholesale houses fronting on Fifth avenue and recovered a judgment for $4,000 against the two companies, the verdict being in favor of the city.

Douglas avenue is intersected by Fifth avenue near the union

station, and the plaintiff's buildings are located on four lots, each 25 feet wide, the southern line of which tract is about 300 feet north of Douglas avenue. In the construction of the Douglas avenue subway as a part of the union station enterprise, a depression was made which the jury found would have prevented teams and vehicles from passing from Fifth street upon Douglas avenue or from the latter upon the former. The depression was about a foot in depth, and there was a concrete curb put in from the south edge of the sidewalk to the street bed. But the jury also found that but for a certain wall across the south end of Fifth avenue, "It would have been practicable for teams, wagons and other vehicles to pass from Douglas avenue into Fifth avenue and from Fifth avenue into Douglas avenue."

This wall was of cement, about 19 feet long, one foot thick and five or six feet high and was located against the north side of the sidewalk along the north line of Douglas avenue. Certain railroad tracks along Fifth avenue were rearranged to accommodate the condition brought about by the construction of the union station. The statement of facts in *Campbell v. City of Wichita,* 101 Kan. 817, is referred to for the general features of the situation.

The petition alleged:

"That the said property was accessible from the east by Fifth avenue, and from the west by an alley in the rear of said building; that on the 4th day of April, 1914, these defendants and each of them did entirely close up Fifth avenue and did erect at a point where the same intersects Douglas avenue a large blockade, to wit: a cement wall several feet high, and entirely close the said street and render useless the same as a street or highway, . . . and that by the erection of the said barricade as aforesaid the same wholly impaired and destroyed said Fifth avenue and rendered it wholly useless as a public highway and by said obstruction the plaintiff has been deprived of all means of ingress and egress to and from his said premises from the east end thereof. . . . That by reason of the action of the said defendants and each of them in closing up and permitting the closing of said street, this plaintiff has been damaged in the sum of fifteen thousand ($15,000) dollars. Plaintiff further alleges that . . . he filed with the said clerk of the city of Wichita . . . a claim against said city of Wichita to the specific injury aforesaid. . . ."

One of the instructions requested by the plaintiff was:

"The jury are instructed that if you believe from the evidence in this case that the property of the plaintiff described in the petition has been

depreciated in value by reason of the erection and construction of the wall or bulwark in question, then you are instructed that the plaintiff is entitled to recover the amount of the depreciation in value so sustained by it to the property aforesaid as shown by the evidence and you will assess such sum as will compensate plaintiff for the depreciation in value so sustained."

Yet the court below, over the persistent objections of the defendants, permitted the plaintiff to introduce a large volume of testimony as to the damage claimed to have been caused by the rearrangement of the tracks, and this feature is prominent also in the instructions and in the special findings.

In answer to this assignment of error it is suggested, among other things, that the claim filed with the city clerk was set out and made a part of the petition and contained the averment,

"and the street has been entirely filled by said railway companies and the street is entirely blocked, and claimant is entirely shut off from using said property for said purposes."

But the entire pleading is susceptible to the one contruction only—that the plaintiff relied on the wall as the sole ground of recovery. It was error therefore to receive the testimony and not to omit the instructions and findings touching the rearrangement of the tracks as an element of damage, for the all-sufficient reason that the plaintiff had not pleaded it. The jury, however, were asked to and did separate the amount of their verdict into $2,500 on account of the wall and $1,500 for the rearrangement of the tracks, and the error as to that part of the judgment might have been rendered harmless by elimination.

It is complained that the court permitted damages to be proven on the basis of the plaintiff's right to occupy a part of Fifth avenue with his dock, but by the instructions this was eliminated and the error, if error it was, thereby lost its sting.

The court is criticised for submitting of its own motion certain special findings concerning which it is said there was no testimony. But if there was no direct evidence there were physical facts from which certain inferences as to the wall (about which most of these questions were asked) might be drawn, and no error in this respect is disclosed.

The terminal company urges, that as the jury found that the tracks were rearranged by the Santa Fe, this of necessity relieved the other company from liability therefor. But they

also found that this rearrangement was part of the general scheme of elevation. Hence, no error.

In the motions for new trial each of the defendant companies complained that the special findings were inconsistent with one another. One of the nineteen assignments of error is the overruling of the motions for a new trial. It cannot be possible that the depression in Douglas avenue, as already described, did and at the same time did not prevent the passage of teams and vehicles from one street into the other, and yet the jury deliberately found both ways on this point. One of two results must inevitably follow: Either the erection of the wall did not destroy the plaintiff's ingress and egress because they had already been destroyed, or else the two defendants are required to pay $4,000 because they did, although they did not, obstruct the plaintiff's ingress and egress by the erection of the wall. This sort of Janus-faced findings will not do.

The plaintiff himself testified that for fifteen years before the construction of the wall Fifth avenue was like any other street in Wichita, except that the Santa Fe had one or two tracks extending down the street to a certain point and then veering to the southeast toward the old depot, making the street clear of tracks south of the Potts warehouses and that—

"There was a cement wall built across Fifth avenue at the intersection of Douglas avenue, shutting off all traffic by teams on Fifth avenue."

"Tracks were set very closely together and extended directly down to Douglas avenue, cutting out this slant that I have previously described, thereby closing the street entirely."

In another place, on cross-examination, he testified, when asked as to the depreciated value of his property:

"I think the concrete wall was the last straw. That is what did the business. I think that was the culminating thing that ruined my property."

As to the depression in Douglas avenue he testified:

"I think it was depressed about a foot or a little more. There was a concrete curb put in from the south edge of the sidewalk to the street bed, and it is in there now. . . . If there was no provision made for bridging it would cut off the driving of teams from Douglas avenue up into Fifth avenue. The fact that the curbing was put in from the edge of the sidewalk down to the street bed would indicate there was no provision for a driveway from Douglas avenue up to Fifth avenue. There was no driveway put in there to my knowledge."

In view of this evidence and one of the findings of the jury, both of which are clear, to the effect that entrance upon Fifth avenue from Douglas avenue with teams and vehicles was completely obstructed, regardless of the concrete wall and regardless of the change in the tracks on Fifth avenue, it is impossible to see how the building of the wall or the changing of the tracks accentuated the fact which already existed or added anything to what was already a complete practical obstruction of ingress and egress.

The jury found that at the time of the wrongs complained of in the petition—

"There was and has ever since been a public and dedicated street thirty-five feet wide situated between the plaintiff's property and Douglas avenue, and extending west from Fifth avenue to and intersecting with an alley or passageway running north past plaintiff's property to First street."

Also that—

"There has ever since been a dedicated and public alley fifteen feet wide, extending north from Douglas avenue to and intersecting with this thirty-five foot street."

The blueprint set out in the abstract shows plainly that there is a fifteen-foot alley running north about 137 feet from Douglas avenue one-half block west of the wall in controversy, there entering the street thirty-five feet wide running east to Fifth street, and an alley twenty feet wide running north to First street, so that the only obstruction the wall in question could have caused, aside from the depression in Douglas avenue, would be to divert the travel one-half block west; whence by going 137 feet north there would be access by a street thirty-five feet wide east to Fifth avenue, thence north by the plaintiff's property. It would seem from the opening statement and from the plaintiff's testimony that he claims to have been injured by additional tracks being laid in the street east of his property, but it is undisputed that the plaintiff himself built a dock or platform ten feet wide east of his buildings on what would be the sidewalk if there was one in Fifth avenue, no part on his ground, as he testified himself:

"That dock is built of stone and brick and has piers of white oak, I think, in it, and the surface of it is two-inch oak so that it makes a permanent structure there. The Santa Fe tracks are east of this dock.

Walsh v. Fuel Co.

. . . I did not use Fifth avenue for the purpose of driving teams up to the east edge of my dock. Just to get the freight out of the cars or to get it into the cars."

In view, therefore, of the plaintiff's own obstruction of Fifth avenue and the other matters already referred to, it is impossible to see how he can rightly claim damages for the rearrangement of the tracks or the erection of the concrete wall.

The plaintiff appeals from the judgment in favor of the city, but as the jury found on sufficient evidence that the claim for damages against the city had not been filed in time, the judgment in favor of the city must for this reason alone be affirmed. (*Campbell v. City of Wichita*, 101 Kan. 817, 168 Pac. 833.)

The judgment against the other defendants is reversed with directions to enter judgment in their favor.