No. 24,070.

EDGAR T. SMITH, *Appellee,* v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF WYANDOTTE, *Appellant.*

SYLLABUS BY THE COURT.

CONDEMNATION PROCEEDINGS—*Widening and Improving Highway—Measure of
Damages.* Where a strip of land is taken from an entire tract for the widen-
ing and improving of a highway, the owner is entitled to compensation to
the extent of the value of the land taken and for injury to and depreciation
of the remainder of the tract resulting from the appropriation; and in de-
termining the damages to which he is entitled, consideration may be given
to the character of the improvement and its effect upon the part of the
tract not taken, including interference with access to the tract and the use
to which it is devoted or reasonably adapted.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed April 7, 1923. Affirmed.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellant.
*David F. Carson,* and *James T. Cochran,* both of Kansas City, for the
appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a proceeding to condemn land for the
widening and improvement of a highway. It was instituted by the
commissioners of Wyandotte county, who proposed to take a strip
of land along the highway in front of the fruit farm of Edgar T.
Smith. Appraisers who were appointed reported that the damage
occasioned by the appropriation was $102.25. Smith appeared be-
fore the commissioners and claimed damages in the sum of $3,133.75.
His claim was rejected and the award of $102.25 was approved and
allowed. He took an appeal to the district court where the case was
tried with a jury and where his damages were found to be $800.
The defendant appeals, and the main contention here is that the
court erred in its rulings upon the admission of evidence.

There was no dispute as to the right of the defendant to appro-
priate the strip of plaintiff's land for a highway, nor as to the extent
of the land taken from defendant for that purpose, nor yet is there
any dispute as to the correct rule for measuring the damages sus-
tained. No pleadings were filed by the parties, but the plaintiff in
his appeal bond recited a number of items of loss sustained which,

among other things, included a claim for moving his house, making a new foundation, moving a heating plant, making a cistern, relaying drain pipes and cement walks on the ground not taken. The recital of these items in the bond did not restrict nor fix the measure of plaintiff's recovery. He was entitled to recover the market value of the land taken and any damages which resulted from the improvement to the remaining portion of the farm. It constituted an entire parcel and the inquiry as to the effect the taking of a part had upon the whole was proper. This included the character of the improvement which the defendant proposed to make and its effect upon the remaining portion of the farm. Any depreciation resulting from interference with ingress to and egress from the highway or which made a retaining wall necessary, or, if the grading of the embankment was such as to deprive him of the use of a portion of the land not taken, and all actual losses resulting from interference with the use of the farm caused by the improvement of the highway, were proper matters for consideration in determining the recoverable damages. The court properly instructed the jury as to the measure of damages, saying in substance that plaintiff was entitled to the market value of the land taken and the difference in value of the remainder of the farm before and after the appropriation which would result from the proposed improvement, excluding any enhancement in value that might result from the improvement.

Complaint is made of the admission of evidence as to the effect of an excavation in front of plaintiff's premises of from eight to eleven feet. It appears from the testimony of the defendant's engineer that the improvement as planned involved a cut of about eleven feet from the bottom of the drainage ditch at the side of the highway to the top of plaintiff's land. His house had stood twenty-four feet back from the highway before it was widened, and when the excavation is made and the land sloped as it is proposed to be done, the improvement will come close to the plaintiff's house. The evidence as to the proposed cut was competent to show not only the destruction of fences, trees and shrubs along the front, but also as to the interference with the use of the remaining part of the premises. It appeared that the ground was such that the embankment would wash and crumble unless it was sloped or held back by a retaining wall. The character of the improvement to be made and the cut and slope required were proper considerations in determining the damages so

far as it would affect the value of the land not taken. The engineer in charge of the improvement was a witness and brought with him the maps and plans of the improvement. He testified as to the proposed grades of the highway, and the depth of the cut to be made; and, speaking of what was necessary to be done in order to keep the bank from caving or washing down on the highway, stated it was contemplated to slope the bank from one to one and a half, that is, for every foot in depth of the cut the slope would be thrown back one and one-half feet. Such an excavation and improvement manifestly would interfere with access to the premises and to the use of the remainder of the farm. An examination of the evidence satisfies us that no material error was committed in allowing full inquiry to be made as to the character of the improvement and its effect in depreciating the value of the farm. While some of the witnesses spoke of the expense of the removal of the house, if that plan should be adopted, we think it did not constitute such error as requires a reversal in view of the instruction that was given to the jury as to the measure of damages which they must apply.

Some other assignments of error were alleged in the abstract, but on the oral argument it was stated that the only one insisted on was the one we have considered, relating to the admission of evidence as to the excavation and its effect upon the part of the farm not appropriated.

Finding no material error, the judgment is affirmed.