No. 29,295.

AGNES LAPTAD, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, *Appellant*.

(287 Pac. 255.)

Opinion filed May 3, 1930.

*George K. Melvin,* of Lawrence, for the appellant.

*J. B. Wilson,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by the board of county commissioners of Douglas county from a judgment rendered in the district court of that county for damages done to real property belonging to appellee by the widening and deepening of a drainage ditch for the purpose of draining a county and state highway. One acre of the eighty-acre tract of the appellee was used in the widening of the ditch and in the placing of the dirt from the excavation under the provisions of R. S. 68-115. The verdict and judgment was for $700 shown by the special answers of the jury to consist of the following items:

"Value of one acre land rendered useless................... $215
Value of wheat lost...................................... 35
Damage to entire 80-acre farm........................... 450

Total ..............................................$700"

The case had been brought to the district court by the landowner upon appeal from the award made in her favor by the board of county commissioners.

The appellant here complains of erroneous instructions of the court, the overruling of the motion for new trial and the refusal of the court to reduce the judgment in accordance with the evidence. The first instruction alleged to be erroneous is in the nature of a preliminary one, and is as follows:

"There isn't any question in this action at all but what the plaintiff, Agnes Laptad, is entitled to recover something against the county. How much is a matter that must be left to your good judgment . . ."

Appellant urges that there was evidence tending to show special benefits accruing to the plaintiff's land from the widening and deepening of this drainage ditch; that one of the questions to be determined in the case was whether or not the plaintiff was entitled to recover anything, and if anything, then how much? The court instructed the jury as to taking into consideration the special benefits in determining the amount of damages, and correctly told the jury that such special benefits might be used in reducing the amount of plaintiff's damage. We think of such benefits only as proper to

reduce plaintiff's damages, although they might in some case reduce it to a minimum or entirely exhaust it. Such could hardly be properly urged in this case, where the appellant board made the original award in favor of the landowner, thereby virtually admitting and confessing the right of the landowner to some damages at least. The record shows some evidence of special benefit to the land of the appellee, not such, however, as to persuade this reviewing court that the jury or trial court could have done otherwise than to find that the landowner was entitled to recover some damages, especially in face of the fact that the appellant board had so found and had previously awarded appellee substantial damages. It was held in *Briggs v. Comm'rs of Labette Co.*, 39 Kan. 90, 17 Pac. 331, that the only question in such a case "is the amount of damages the appellant is entitled to."

"Where the single question for the jury is the amount the landowner is entitled to recover for his land taken for a public road, and the court instructs that the damages, less the benefits, should be the verdict, but does not in terms state that if the benefits exceed or equal the damages, the verdict should be in favor of the county, *held*, no ground for setting aside a verdict in favor of the landowner of $748, especially when no instruction was asked by the county in respect thereto, and when upon the testimony the jury could not fairly have done otherwise than find that the landowner was entitled to recover." (*Comm'rs of Lyon Co. v. Kiser*, 26 Kan. 279, syl. ¶ 2.)

It is urged by appellant that the instructions of the court permitted and directed the jury to first find the value of the one acre of land used and then find the difference in the value of the entire tract of land before and after the widening of the ditch, which difference it is claimed would include the value of the one acre taken, thereby directing the jury to include the value of that one acre a second time in its verdict. The logic of the appellant is sound, but we have difficulty in so construing the language used in the instructions, although a reference in the instructions to the remainder of the farm instead of the farm as a whole would have avoided the confusion of which the appellant complains.

In the case of *McKnight v. Wichita*, 83 Kan. 7, 109 Pac. 994, which was an appeal from a judgment against a city for damages for constructing a drainage ditch, the measure of damages was stated to be as follows:

"The proper basis for damages was the value of the portion of the tract actually taken for the canal and right of way, and the difference in value of

the remainder of the tract immediately before and after the appropriation of the land." (p. 10. See, also, *Smith v. Wyandotte County,* 113 Kan. 244, 214 Pac. 104; *Schaake v. Railway Co.,* 102 Kan. 470, 170 Pac. 804.)

A careful reading of the several instructions given by the trial court in the case at bar convinces us there could not well be any misunderstanding or confusion on the part of the jury as to these two distinct items of damage—first, the value of the one acre taken; and second, the difference in value of the farm immediately before and after the taking of the one acre—because the court lists and enumerates the several elements that might enter into the second valuation or computation so that when read together and connectedly we see no reason for concluding that they authorized or directed the inclusion of the value of the one acre in the second computation, or difference in value before and after the work was done. The following are the instructions on these two items of damage:

"In the first instance she would be entitled to recover the fair, reasonable market value of any land that may have been used for the purpose of putting the piles of dirt on that came out of this ditch. The best way of arriving at that would be to ascertain the number of acres of that land and multiply that by what a fair, reasonable amount of one acre would be, that is for the amount of land used for that purpose. . . .

"She claims that in addition to the damage that she sustained by reason of the taking of the land . . . that the value of her farm as a whole has been decreased and has depreciated by reason of what the county did there in putting in this ditch or enlarging the ditch.

"The measure of damages is the reasonable market value of the land as a whole immediately before this dirt was laid out on a portion of the land and immediately after. . . . You may, I think, take into consideration the productiveness of the land before and afterwards, any extra work that may be entailed by reason of the making of the improvement, any inconvenience that the person would be put to in the manner in which he operated his place. Take into consideration the manner in which the farm would drain, whether or not it was as easy to get the water off of it as it was before this ditch was put in.

"I appreciate that possibly even before this ditch was there it required a little bit of work after a rain of any considerable extent to keep the little ditches open that went into the main ditch. If it required any more work to do this now than it did before, that may be taken into your consideration in determining the value of the land before and after this work was done. . . .

"Whatever the amount is, it should be compensatory only; that is, a fair, reasonable allowance, just as the statute says, for the damage that she may have sustained in connection with the enterprise."

It is further contended that the court erred in overruling the motion of appellant for a new trial because the verdict is excessive

and contrary to the law and the evidence, and that the court should have reduced the judgment in accordance with the evidence, all of which is a presentation from a different angle of the same question of the general verdict containing the value of the one acre a second time. Appellant insists that the general verdict should therefore be reduced by $215, the value of the land taken. The reasons given above for upholding the verdict, with reference to the instructions given, will apply here, as we do not have any good reason for thinking the jury duplicated the value of the one acre in the general verdict.

· We find no substantial error in the proceedings and no grounds for reversal.

The judgment is affirmed.