No. 35,858

LAURA D. ROOT, *Appellant*, v. THE CITY OF TOPEKA, *Appellee*.

(139 P. 2d 393)

Opinion filed July 10, 1943.

*Frank E. Miller,* of Topeka, argued the cause, and *B. J. Lempenau,* of Topeka, was on the briefs for the appellant.

*John S. Dean, Jr.,* city attorney, argued the cause, and *Marlin S. Casey,* assistant city attorney, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for the possession of certain real property and for damages. The trial court sustained defendant's demurrer to plaintiff's amended petition and she has appealed.

On May 24, 1941, plaintiff filed with the city clerk an "application and demand of Laura D. Root for possession, use of property and damages." This recited that plaintiff was the owner of two described irregular lots or tracts of land within the city lying adjacent to the city dike along the south side of the Kansas river; that the city, through its street department and park commissioner, used each of the tracts for storage, placing of rock and equipment to be used by the city in its rock crushing plant, and for driveway purposes and the dumping of street cleanings, dirt and trash, "for the past 25½ months and without the consent of claimant"; that the fair and reasonable value of the use of each of said tracts "and damages" to claimant was $150 a month; that claimant had iron

fences around the tracts, the iron posts being set in cement blocks on the property line, and that the city, through its agents and employees, has destroyed the fences, to claimant's damage in the sum of $150, and claimant asked for an order "directing the city clerk to issue the proper warrant to claimant in the sum of $7,800 for the amount of her damages sustained."

On August 20, 1941, plaintiff filed this action, and after the rulings on motions directed to the petition filed her amended petition on May 4, 1942. In this it is alleged that plaintiff is a resident of Topeka; that defendant is a municipal corporation under the laws of this state and a city of the first class operating under the commission form of government; that plaintiff is the owner of the two lots or tracts, which were described; that defendant, through its officers and employees, has occupied and used all the described real estate "for a period of more than twenty-five and one-half (25½) months immediately prior to the 20th day of May, 1941, and have kept plaintiff out of the possession thereof and are occupying and using all of said real estate against the will of this plaintiff and during all of said time have and still deny plaintiff's right to the possession of the same." The filing of the claim with the city clerk on May 24, 1941, and its rejection in July, 1941, were alleged, and a copy of the claim presented to the city was attached to the petition and made a part thereof. It was further alleged that the fair and reasonable value of the use of the premises for the time was $7,800. Judgment was asked for that sum and for the immediate possession of the property.

To this petition defendant filed a motion to make more definite and certain, also a motion to strike and a motion to require plaintiff to elect whether her claim was filed under G. S. 1935, 12-105 or 13-1414, all of which motions were overruled. Defendant then demurred to the petition on the ground that the same does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer on the ground that the matters set out in the petition are barred by the two-year statute of limitations and that proper notice was not filed with the city either under G. S. 1935, 12-105 or 13-1414.

As to the statute of limitations, we think the court correctly construed the petition as attempting to state a cause of action for trespass on real property, to which the two-year statute of limitations (G. S. 1935, 60-306, third) applies. See *K. P. Rly. Co. v.*

*Mihlman,* 17 Kan. 224. Appellant contends the statute (G. S. 1935, 12-105) does not apply to this type of case. We think it does. See *Campbell v. City of Wichita,* 101 Kan. 817, 168 Pac. 833; *Griffith v. Railway Co.,* 102 Kan. 23, syl. ¶ 8, 169 Pac. 546; *Nelson v. City of Ottawa,* 125 Kan. 482, 264 Pac. 1049, and the cases cited in the annotations on the various phases of this question contained in 52 A. L. R. 639, 642; 116 A. L. R. 975, 977, 978; and 122 A. L. R. 1513, 1514.

Counsel for appellant advises that at some time—the date not stated—after the action was brought defendant ceased to occupy the property, and contends that the question of possession of the property is now moot. We think the court was justified in passing upon the pleadings before it, and even if that element were omitted from the claim, it remains one of damages for wrongful possession or wrongful use of the property.

We shall not consider whether plaintiff might have considered this a continuing wrong and therefore entitled to recover for such damages as accrued within three months prior to the filing of the claim, as was ruled in *Jeakins v. City of El Dorado,* 143 Kan. 206, 211, 53 P. 2d 798, citing *Beard v. Kansas City,* 96 Kan. 102, 150 Pac. 540, for the reason that plaintiff made no such claim in the court below, or in this court, and for the further reason that counsel for plaintiff in their briefs cited the Beard case on another point, from which we may conclude they were familiar with the possibility that such a claim might have been made.

In the oral argument in this court counsel for appellant suggested that recovery might be had under G. S. 1935, 67-520. This is the section of our landlord and tenant act, and it provides:

"The occupant without special contract, of any lands, shall be liable for the rent to any person entitled thereto."

Obviously this is an afterthought. The question of the applicability of this statute was not presented to nor considered by the trial court. In any event, a claim under that statute would have to be filed as against the city, which, unlike a private individual, is bound by various statutes pertaining to its budget and the payment of claims.

We find no error in the record. The judgment of the court below is affirmed.