No. 40,461

In the Matter of the Condemnation of Land for Kansas Turnpike Project, ELMER TINBERG and CLARA TINBERG, *Appellees,* v. THE KANSAS TURNPIKE AUTHORITY OF THE STATE OF KANSAS, *Appellant.*

(310 P. 2d 217)

Opinion filed April 6, 1957.

*Donald C. Little,* of Kansas City, and *Thomas W. Cunningham,* of Topeka, both argued the cause, and *Robert M. Cowger,* and *Bruce Works,* both of Topeka, were with them on the briefs for the appellant.

*Lee E. Weeks,* of Kansas City, argued the cause, and *Arthur J. Stanley, Jr., J. E. Schroeder, Leonard O. Thomas, J. D. Lysaught, Robert H. Bingham, Richard Millsap,* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment in a condemnation proceeding to condemn land for the Kansas turnpike project.

On June 1, 1955, the Kansas Turnpike Authority, as authorized by G. S. 1955 Supp., 68-2006, instituted a proceeding under the provisions of G. S. 1949, 26-101 *et seq.,* in the district court of Wyandotte County, to condemn land, belonging to Elmer Tinberg and Clara Tinberg, for turnpike project purposes. Thereafter, and on October 22, 1955, the Authority instituted a second proceeding in the same court to condemn land from the same tract for further project purposes. Timely appeals, as permitted by G. S. 1949, 26-102, were taken from appraisements of these two tracts of land by both the Authority and the landowners, resulting in the filing of two separate cases in the district court of Wyandotte County.

On March 21, 1956, some ten months after its initial action, the Authority instituted a third eminent domain proceeding in the district court of Wyandotte County, to condemn land from the same tract for additional turnpike project purposes. After the award by appraisers in this proceeding the Authority, on April 9, 1956, perfected an appeal to the district court, which was filed and docketed as a separate action. On the same date, although the first two appeals had been set for trial on a day certain, the Authority filed a motion to consolidate all three actions for purposes of trial. After a hearing this motion was sustained as to the two cases that had been set for trial and denied as to the third.

The trial of the consolidated cases commenced on April 16, 1956. It continued for approximately four days. At that time, all parties having introduced their evidence, the court gave written instructions, to which no objections were made. Thereafter the cause was submitted to the jury which, in due time, returned a general verdict in favor of plaintiffs in the sum of $13,715.00 together with its answers to special questions, submitted by the court, which read:

"QUESTION No. 1: What do you find to be the highest and most advantageous use of plaintiffs' entire tract consisting of 57 acres, as of June 30th, 1955? ANSWER: Subdivide into acreage tracts.

"QUESTION No. 2: What do you find to be the reasonable market value of the plaintiffs' entire tract consisting of 57 acres immediately prior to June 30, 1955? ANSWER: $28,500.00.

"QUESTION No. 3: What do you find to be the reasonable market value of the 13.02 acres taken by the defendant as of June 30, 1955? ANSWER: $10,415.00.

"QUESTION No. 4: Do you find there to be any reduction in market value of the remaining 44 acres of the plaintiffs' land immediately after June 30, 1955? ANSWER: Yes.

"QUESTION No. 5: If you answer Question No. 4 above in the affirmative, state:

"(a) The market value of the remaining 44 acres immediately prior to June 30, 1955. ANSWER: $22,000.00.

"(b) The market value of the remaining 44 acres immediately after June 30, 1955. ANSWER: $18,700.00."

Thereupon the trial court approved the general verdict and rendered judgment in accord therewith.

Following action, as heretofore indicated, defendant filed a motion to set aside finding No. 3; a motion for judgment on findings Nos. 2 and 5, notwithstanding the verdict; a motion to set aside the verdict and grant a new trial for lack of evidence to sustain the answer to special question No. 3; a motion to modify the general verdict to conform to the special findings of the jury; and a motion for a new trial, one ground of which charged that the general verdict and the answers to special questions were contrary and inconsistent, one with the other. Upon the overruling of all these motions defendant gave notice it was appealing from the judgment and the rulings on all motions, heretofore mentioned, thus bringing the cause to this court for appellate review.

At the outset, conceding that there were three separate appraisements from which there were a like number of appeals, that our statute (G. S. 1949, 26-102) provides that in eminent domain pro-

ceedings the appeal from each appraisement shall be docketed and tried the same as other actions, and that there were three condemnation actions pending between the Authority and the involved landowners, appellant contends that because all three proceedings involved the same tract of real estate the trial court was required to consolidate such actions for trial, even though two of such actions had been set for trial before issues could be joined in the third, hence its action in refusing to do so was erroneous. Otherwise stated, appellant's position is that, regardless of the existing facts and circumstances, where two or more condemnation actions, involving the same tract of land, have been docketed in district court the trial court has no discretion whatsoever in assigning those actions for trial but must, as a matter of law, consolidate the actions for trial purposes where the condemner has requested action of that character.

The question thus raised has been decided contrary to appellant's position in one of our latest decisions which holds the rule followed in the consolidation of eminent domain cases for trial is not one of substance but one of procedure and that under such rule the trial court is not obliged as a matter of substantive law to consolidate appeals brought under provisions of the eminent domain statute. See *Moore v. Kansas Turnpike Authority*, (This day decided), 181 Kan. 51, 310 P. 2d 199, where, in dealing with the subject and in rejecting a similar contention, we said:

". . . In this jurisdiction the rule followed in consolidation of cases for trial is not one of substance but one of procedure. G. S. 1949, 60-765, provides:

" 'Whenever two or more actions are pending in the same court which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown the said several actions shall be consolidated. The order for consolidation may be made by the court or by a judge thereof in vacation.'

"One of the requirements of the consolidation statute is whether or not the actions could have been joined in the first instance. G. S. 1949, 60-601, provides:

" 'The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of actions so united must affect all the parties to the action, except in actions to enforce mortgages or other liens.'

"Motions for consolidation under these statutes are in the sound discretion of the trial court. (*Railway Co. v. Hart*, 7 Kan. App. 550, 51 Pac. 933; *Rice & Floyd v. Hodge Bros.*, 26 Kan. 164; and *Todd v. Central Petroleum Co.*, 153 Kan. 550, 112 P. 2d 80.)" (p. 59.)

In the face of the facts of record we have no difficulty in concluding the trial court did not abuse its discretion in refusing to consolidate the third of these condemnation actions with the two which it had previously set down for trial. Therefore, adherence to the rule announced in the case from which we have just quoted compels a conclusion the trial court committed no error in refusing to consolidate all three of such actions for trial.

Another question, raised by appellant in the court below and here subject to review, presents a far more serious issue than the one just decided and, for reasons to be presently disclosed, will be determined out of the order in which it is argued. It is that the special questions are inconsistent with each other and with the general verdict, hence the verdict and answers to such questions cannot stand and a new trial must be granted. If the record sustains the factual premise on which appellant bases its position on this point there can be no question regarding the law applicable to its disposition.

The rule of this jurisdiction, so well established as to hardly require a citation of the decisions supporting it, is well-stated in *McCoy v. Weber*, 168 Kan. 241, 212 P. 2d 281, where it is held:

"Consistent special findings control the general verdict when contrary thereto but when they are inconsistent with one another—some showing a right to a verdict and others showing the contrary—the case is left in the condition of really being undecided and a new trial should be granted." (Syl. ¶ 2.)

For other decisions of like import, and without attempting to exhaust the field, see *Willis v. Skinner*, 89 Kan. 145, 130 Pac. 673; *Berry v. Weeks*, 146 Kan. 969, 73 P. 2d 1086; *In re Estate of Erwin*, 170 Kan. 728, 228 P. 2d 739; *Denman v. Colorado Interstate Gas Co.*, 179 Kan. 180, 184, 294 P. 2d 207; *King v. Vets Cab, Inc.*, 179 Kan. 379, 385, 295 P. 2d 605, and numerous other decisions therein cited.

With the rule established we turn directly to the question raised by appellant, noting as we do so, that where—as here—all the landowner in a condemnation proceeding is entitled to receive is compensation for the market value of the land taken and damages for the difference in value of the remainder of the tract before and after the appropriation (See, e.g., *Smith v. Wyandotte County*, 113 Kan. 244, 214 Pac. 104; *Case v. State Highway Comm.*, 156 Kan. 163, 166, 131 P. 2d 696; *Mai v. City of Garden City*, 177 Kan. 179, 277 P. 2d 636; *Simmons v. State Highway Commission*, 178 Kan. 26, 30, 283 P. 2d 392.) the extent of his recovery is limited, in any event, to the reason-

able market value, immediately prior to the appropriation, of the entire tract involved. In other words diminution in value of the land remaining after appropriation and the value of that taken in a condemnation proceeding can never exceed the market value of the entire tract involved, otherwise there would be a taking of the entire tract for all practical purposes of the condemnation.

Having reached the conclusion just announced it becomes apparent that in the instant case the jury was required to give consideration to three composite elements in order to determine the amount of the appellees' recovery, i.e., the market value of the land taken; diminution in value of that remaining, based on difference in value of the tract remaining, before and after the appropriation; and the market value of the tract remaining after the appropriation, the sum total of which three elements, when added together, could not exceed the market value of the entire tract immediately prior to the taking.

It appears from the answers to the special questions that, after determining the market value of the entire tract (See Questions Nos. 1 and 2), the jury gave consideration to all three of the elements to which we have heretofore referred. In the answer to special question No. 3 it found the reasonable market value of the tract taken was $10,415. By its answers to question No. 5 (a) and (b) it determined that the injury to and depreciation of the remainder of the tract, resulting from the appropriation, amounted to $3,300. And by its answer to question No. 5 (b) it found that the market value of the remaining 44 acres was $18,700. Thus, by the simple process of addition, it becomes obvious that the jury found that the sum total of the value of the land taken, damages to the remainder, and the market value of the remainder, amounted to $32,415, exceeding by $3,915, the amount fixed by it as the value of the entire tract immediately prior to the appropriation. Nor can it be said, as appellees suggest, that the special questions when considered, singly or collectively, are consistent with the general verdict. When the amount of the verdict ($13,715) is added to $18,700, the amount found to be the value of the land remaining, we arrive at a total of $32,715, which exceeds by $3,915, the value of the entire tract involved as fixed by the jury in its answer to question No. 2.

In our opinion what has been heretofore stated demonstrates beyond all doubt that the answers to the special questions are inconsistent with each other and with the general verdict. There-

fore application of the rule, to which we have heretofore referred, requires that the judgment be reversed and the cause remanded for a new trial.

We find nothing in contentions advanced by appellant to warrant a conclusion it is entitled to judgment on the special findings. Nor do we agree with appellees' position that the answers to special question No. 5 (a) and (b) are immaterial to the issues involved on appeal and for that reason should be disregarded. All other claims of error relied on relate to alleged trial errors which, since the case is to be retried in the court below, need neither be considered nor discussed.

The judgment is reversed and the cause remanded with directions to grant a new trial.